356 So.2d 15 (1978)
DIVISION OF ADMINISTRATION, STATE of Florida DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Richard S. DENMARK et al., Appellees.
No. 77-848.
District Court of Appeal of Florida, Fourth District.
January 17, 1978.
Winifred Sheridan Smallwood and H. Reynolds Sampson, Gen. Counsel, Tallahassee, for appellant.
*16 Richard V. Neill, of Neill, Griffin, Jeffries & Lloyd, Fort Pierce, for appellees.
DOWNEY, Judge.
The Department of Transportation seeks review of an award of attorney's fees to counsel for the condemnee arising out of an eminent domain proceeding.
The operative facts necessary to our decision are hereinafter set forth. The Department took approximately forty-one acres of appellee's seventy-two acre tract. The litigation involved issues of value of the land taken, the amount of severance damages, and the amount of special enhancement damages, if any, to be offset against the severance damages. The Department's only offer for the land was $432,300.00. The trial of the cases lasted approximately six days and the jury returned a verdict for $813,000.00 for the value of the land, $192,000.00 for severance damages and found no special enhancement. Thus, the total recovery was $1,005,000.00 plus interest of $41,799.00 for a rather substantial percentage increase over the Department's best offer. Pursuant to Sec. 73.091 (Florida Statutes 1975) the trial court determined that a reasonable attorney's fee for the property owner's lawyer was $175,000.00.
The evidence adduced at the hearing on attorney's fees showed that the owner's counsel was experienced in condemnation matters; that the issues in the case were complex; that the case was well prepared and presented; and, that the results accomplished were very satisfactory. Counsel for the owner expended approximately 310 hours on the case. An expert witness testified for the appellee that a reasonable attorney's fee would range from $160,000.00 to $203,000.00. The Department offered no evidence to contradict that opinion satisfying itself with whatever benefits accrued to it through cross-examination of appellee's witnesses.
This court has recently commented in detail upon the numerous factors involved in an award of attorney's fees in eminent domain proceedings in Division of Administration, State of Florida Department of Transportation v. Denmark, 354 So.2d 100, opinion filed January 4, 1978. (From the style of that case it is obvious that the parcel involved sub judice was part of the same condemnation suit.) Much of what this court said in that opinion is applicable here, and for the sake of brevity will not be repeated. Suffice it to say that we find the fee allowed in this case is too high and that it constitutes an abuse of discretion.
Counsel spent 310 hours on the case and therefore the fee allowed equals $565.00 per hour. We, of course, are cognizant of the fact that attorneys' fees in eminent domain cases are based upon several other factors in addition to time. However, by starting with an accepted reasonable per hour rate and then considering the other factors (counsel's experience, reputation, and ability, the complexity of the matter, the amount involved, the results accomplished, etc.), we still feel the amount awarded here is excessive. In State of Florida, Department of Transportation v. Denmark, supra, we found a fee of $340.00 per hour very high under circumstances very similar to those at bar. On the other hand, in Manatee County v. Harbor Ventures, Inc., 305 So.2d 299 (Fla.2nd DCA 1975) the court disapproved a fee of $517.00 per hour in an eminent domain case. And in a second Oolite case the Third District Court of Appeal held $439.00 per hour to be excessive. Dade County v. Oolite Rock Company, 348 So.2d 902 (Fla.3rd DCA 1977). We cite the latter case only for comparison purposes since we do not concur totally with all of the statements made therein.
Reluctant as we are to reverse the trial judge in the exercise of his discretion in awarding attorneys' fees, we feel compelled to do so here. We simply cannot countenance an award of this amount, albeit counsel for the property owner came up with flying colors on the statutory factors used in determining a reasonable attorney's fee.
The Department pointed out in its brief that it is not required to adduce expert testimony on the reasonable value of the service of the property owner's attorneys; that the condemnor can rely upon cross-examination *17 of the condemnee's experts. We don't gainsay that proposition. However, expert testimony is adduced for the purpose of guiding the trial court in arriving at an appropriate amount and it would seem logical that under our adversary system testimony supporting the condemnor's view of a reasonable fee would be helpful to the court. Thus, we wonder at the frequency with which we see no evidence offered on behalf of the condemnor in cases where the parties differ widely on their estimates of the value of the services rendered.
In view of the foregoing the order awarding attorney's fees is reversed and remanded to the trial court with instructions to redetermine the amount of attorney's fees to which appellees are entitled in accordance with this opinion.
REVERSED AND REMANDED.
CROSS and LETTS, JJ., concur.