DOWNEY, Judge.
Appellants seek review of a summary judgment for appellees in a suit on two fire *742 insurance policies. Five points have been presented for our consideration. However, we find it necessary to consider only two.
Appellants’ first point is that there was a genuine issue of material fact involving whether the appellees’ building was a total loss after the fire. We agree that the record does not conclusively show that the building was a total loss, and that is the test. Wills v. Sears, Roebuck & Company, 351 So.2d 29 (Fla.1977).
The other point which we believe should be mentioned involves the trial court’s allowance of attorney’s fees to ap-pellees in the amount of $40,000. While the trial court held a full blown evidentiary hearing on the question of attorney’s fees and no doubt took into consideration the various factors to be considered in fixing an attorney’s fee, the amount allowed amounts to $500 per hour for 80 hours.
We recently had an opportunity to discuss the allowance of attorney’s fees in two eminent domain cases.[1] In the light of what was said there we hold the award in this case is excessive. Of course, the entire award of fees to appellees at this stage of the proceedings must be set aside'in view of our decision to reverse on Point I. However, we considered the amount of the award simply for the future guidance of the trial court.
The judgment appealed from is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
ANSTEAD and LETTS, JJ., concur.

. Division of Administration, State of Fla. Dept. of Transportation v. Denmark, 354 So.2d 100 (Fla. 4th DCA 1978); Division of Administration, State of Fla. Dept. of Transportation v. Denmark, 356 So.2d 15 (Fla. 4th DCA 1978).