622 So.2d 1010 (1993)
SOLID WASTE AUTHORITY OF PALM BEACH COUNTY, Appellant,
v.
Louis W. PARKER, Trustee, Appellee.
No. 91-3396.
District Court of Appeal of Florida, Fourth District.
May 19, 1993.
*1011 Herbert C. Gibson and Kathleen J. Loggins, Gibson & Adams, P.A., West Palm Beach, for appellant.
Toby Prince Brigham and Andrew H. Schuster, Brigham, Moore, Gaylord, Wilson, Ulmer, Schuster & Sachs, Miami, for appellee.
WARNER, Judge.
The Solid Waste Authority of Palm Beach County appeals from an order awarding a property owner's attorney $1,784,750 in fees for services in an eminent domain proceeding, contending the trial court erred as a matter of law in the calculation of the fee and that the award was excessive. Because the supreme court's decision in Schick v. Department of Agriculture & Consumer Services, 599 So.2d 641 (Fla. 1992), has held that fees in eminent domain actions cannot include factors based on the contingency risk, we agree and reverse.
Solid Waste petitioned to condemn a large parcel of land in Palm Beach County owned by appellee Parker. It originally offered to purchase the property for $10,200,000, and on a "quick taking" it deposited $11,800,000 into the registry of the court. After substantial litigation, the parties settled the case on the second day of trial by a determination that the property was worth $19,000,000.
Parker moved for attorney's fees, and the parties stipulated that 1,659 hours were reasonably spent in the litigation at a reasonable hourly rate of $250 per hour. Thus, the "lodestar" fee was $414,750. Several experts testified as to how to calculate a reasonable fee. Mr. H. Adams Weaver used a blended approach mixing the lodestar amount with a result factor using the contingent fee calculations under Rule 4-1.5(f)(4)(B)(i)(c) of the Rules of Professional Conduct but reducing its weight so as to eliminate the contingent aspect of the Rule's percentage calculations. Weighing the fee as two-thirds attributable to the benefit and one-third attributable to the lodestar, Weaver arrived at a reasonable fee of $1,173,580. Mr. Jon Wilson, Solid Waste's second expert, arrived at a reasonable fee of $1,055,000, by using a lower lodestar and including 10% of the benefit derived by Parker.
Mr. Charles Stratton, Parker's first expert, concluded that 20% of the benefits secured plus the lodestar amount was a reasonable fee, which amount ranged between $2,012,600 to $2,095,550. However, because the contract between Parker and his attorneys capped the fee at $2,000,000, he concluded that the fee owed by Solid Waste should not exceed that amount.
Thomas Byrd, Parker's other expert, used 2000 hours times $1,000 per hour as a reasonable fee to arrive at a total of $2,000,000. Finally, Andrew Shuster, who along with Toby Prince Brigham, were Parker's principal attorneys, testified that where there is no fee statute in place, such as in Federal condemnation proceedings, a reasonable fee is 5% of the total award or 25% of the benefit, which fee is paid by the landowner. Additionally, he testified to the significant issues in the case.
The trial court awarded Parker's counsel $1,784,750 in attorneys' fees. It found that the lodestar approach was an acceptable approach to be considered, and the court began with the lodestar fee of $414,750. The court then determined that defendants had unusual success, increasing the award to Parker from the original offer by 86%. The benefit to the client amounted to $8,800,000. After reviewing the authorities which allow an increase in the lodestar fee to reflect the benefit achieved, the trial court noted that there was no method for *1012 calculating the increase in benefit contained either in case authority or the statute. Therefore, the court relied on a mixed approach of awarding the lodestar amount plus a percentage of the benefit calculated on the percentages of awards as set forth in the Rules of Professional Conduct of the Florida Bar, Rule 4-1.5 as it related to the calculation of contingency attorney's fees in multi-million dollar recoveries in tort cases where liability has been admitted. Thus, the fee was arrived at as follows:

 $ 414,750 Lodestar
 $ 200,000 20% of the first $1,000,000 of benefit
 $1,170,000 15% of the benefit exceeding the first million
 $1,784,750 Total fee

Section 73.091, Florida Statutes (1989), the statute applicable to this case, requires the court to assess an attorney's fee in a condemnation proceeding using the following factors:
(1) Benefits resulting to the client from the services rendered. However, under no circumstances shall the attorney's fee be based solely on a percentage of the award.[1]
(2) The novelty, difficulty and importance of the questions involved.
(3) The skill employed by the attorney conducting the cause.
(4) The amount of money involved.
(5) The responsibility incurred and fulfilled by the attorney.
(6) The attorney's time and labor reasonably required adequately to represent the client.
The statute provides no formula for applying the various criteria. Case law has been equally obtuse in providing a method of calculating fees except to hold some fees excessive for exceeding a reasonable effective hourly rate (which is calculated by dividing the fee awarded by the hours spent by the owner's attorney on the case). See, e.g., Dade County v. Oolite Rock Co., 311 So.2d 699 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 20 (Fla. 1976); Department of Transp. v. Denmark, 356 So.2d 15 (Fla. 4th DCA 1978) (award of $565 per hour excessive even though "counsel for the property owner came up with flying colors on the statutory factors used in determining a reasonable attorney's fee.") In a related case, Judge Letts commented:
To us, the problem in commanding the trial court to set the fee by `so much per hour', is that such may penalize more competent counsel. It is axiomatic that an attorney of great skill, experience and expertise in condemnation cases will require less time to achieve a better result for his client than an inferior inexperienced counterpart. Are we going to penalize the former for being superior?
Department of Transportation v. Denmark, 354 So.2d 100, 102-103 (Fla. 4th DCA 1978). Nevertheless, as noted, appellate reversals of condemnation fees focus on excessive effective hourly rates.
In Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), the supreme court adopted the federal lodestar method of calculating fees when set by a court. The first step is to calculate the number of hours reasonably expended in the litigation. "The novelty and difficulty of the question involved should normally be reflected by the number of hours reasonably expended on the litigation." Id. at 1150. Next, the court should determine the reasonable hourly rate of the prevailing party's attorney. "In establishing this hourly rate, the court should assume the fee will be paid irrespective of the result, and take into account all of the Disciplinary Rule 2-106 factors except "time and labor *1013 required," the "novelty and difficult of the question involved," the "results obtained," and "whether the fee is fixed or contingent."" Id. at 1150-51. Those were taken into consideration in the first step. From those two figures, the court could calculate the "lodestar" amount. Then, in the appropriate case, a "contingency risk multiplier" could be used to enhance a particular fee.
In Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990), the court held that a contingency risk multiplier is not justified in eminent domain cases because payment is generally assured. However, the court noted that the basic lodestar method of computing a reasonable attorney's fee may be an appropriate starting point. Finally, in Schick v. Dept. of Agric. & Cons. Services, 599 So.2d 641 (Fla. 1992), the court held that a Rowe contingency risk multiplier should not be utilized because section 73.091 criteria did not include consideration of either the contingent nature of the fee arrangement nor the risk of nonpayment of the fee. Schick was decided after the trial court's order in this case. Therefore, the court did not have the benefit of its holding regarding contingency factors.
In this case the judge appropriately started with the lodestar amount. Then she calculated the benefit based upon the Florida Bar Rule of Professional conduct 4-1.5(f)(4)(b)(1)(e) comparing a recovery in an eminent domain case to that in a contingency case where the defendant admits liability and requests a trial only on damages. However, that fee schedule is a contingency schedule. By definition, it compensates for the risk of nonpayment and the contingent nature of the employment,[2] factors which Quanstrom disallows. Furthermore, as the United States Supreme Court noted in Pennsylvania v. Delaware Valley Citizens' Council, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987), "enhancing fees for risk of loss forces losing defendants to compensate plaintiff's lawyers for not prevailing against defendants in other cases." Thus, even if a percentage of the benefit is allowed, it must be a percentage which does not include any contingency risk factor.
That is also why the 25% figure which appellee's attorneys charge to clients in Federal condemnation cases is inapposite. In those cases appellees also suffer the risk of nonpayment because fees are not assured under 28 U.S.C. section 412 as they are in state condemnation proceedings. The trial court erred in this case by not eliminating the contingency risk factor from the percentage calculations it relied on to set the benefit increase.
Both of the appellant's witnesses attempted to use a methodology to eliminate the contingency factor from their calculations. Mr. Weaver eliminated the contingency factor by blending the contingent fee schedule fee with the lodestar fee (giving a two-thirds factor to the benefit fee based on the fees schedule and a one-third factor to the lodestar amount). Mr. Wilson essentially used a benefit amount of 10% which again would eliminate the contingency factor from a percentage of result approach.
We do not eliminate from consideration the calculation of a portion of the attorney's fee award as a percentage of the benefit received. The statutory prohibition against percentages applies to a percentage of the award. That figure would include the amount the condemning authority was willing to pay to the landowner from its first offer. Thus, by focusing on the percentage of the award the attorney could obtain a huge fee even if the attorney's efforts were completely unsuccessful in increasing the amount of the award. See Manatee County v. Harbor Ventures, Inc., 305 So.2d 299 (Fla. 2d DCA 1974).[3] *1014 Nevertheless, solely using a percentage of the amount involved, whether benefit or award, effectively ignores the other factors to be used in setting the fee. As was said in Manatee County:
When the amount involved is so much greater than the customary transaction, the application of percentages, even on a sliding scale, runs the risk of setting a fee which is disproportionately higher than the extra responsibility placed upon the attorney by reason of the magnitude of the matter.
Id. at 301. Even by the standards of contingent fees set forth in the Rules of Professional Conduct this fee was excessive as applied to the benefit obtained.[4]
It is true that appellee's attorneys met with great success for the appellee. However "even where a client receives huge benefits which are directly attributable to the skill of his lawyer, there must be a limit to the amount the lawyer should be entitled to receive for these services." Id. at 301. This is particularly true when the public is expected to pay for the representation. We do not deem that "full compensation" allowed by Article 10, Section 6 of the Florida Constitution means any more than reasonable compensation. This fee exceeds what is reasonable under the circumstances because it includes a benefit adjustment which contains contingent factors not appropriate for a case where the fee is assured by statute.
We therefore reverse the award and remand for a redetermination of the attorney's fees consistent with the guidelines set forth in this opinion.
HERSEY, J., and WALDEN, JAMES H., Senior Judge, concur.
NOTES
[1] In 1990 the legislature amended this section to provide that benefits obtained were the primary factor to be considered in determining the fee. The amendment also deleted the provision that the fee could not be based solely on a percentage of the award.
[2] Even where defendant admits liability there is always the risk that the entire judgment obtained may not be collectible because of lack of insurance coverage or assets. That is not a consideration in eminent domain cases.
[3] We note that under the revision of the statute made in 1990, "benefit" is defined as the difference between the settlement or final judgment and the last written offer by the condemning authority before the hiring of an attorney. The statute also eliminates the prohibition on basing the analysis of benefit solely on a percentage of the award, thus suggesting that evaluating the fee on a percentage of the benefits is permissible.
[4] A straight fee calculated on a $8,800,000 recovery under Rule 4.1.5(F)(4)(b)(1)(e) would have been calculated as follows:

33 1/3% of first $1,000,000 = $ 333,333
20% of next $1,000,000 = $ 200,000
15% of remaining $6,800,000 = $1,020,000
TOTAL = $1,553,333