665 So.2d 363 (1995)
SEMINOLE COUNTY, Appellant,
v.
Charles W. CLAYTON, et al., Appellees.
No. 94-2339.
District Court of Appeal of Florida, Fifth District.
December 29, 1995.
Robert A. McMillan, County Attorney, and Henry M. Brown, Assistant County Attorney, Sanford, for Appellant.
David B. King and John Tannian of King & Blackwell, P.A., Orlando, and David W. Foerster, of Foerster, Isaac & Yerkes, P.A., Jacksonville, for Appellee Pauline Arndt.
No Appearance for Appellees Charles W. Clayton, Jr. and W. Malcolm Clayton.
COBB, Judge.
This appeal challenges the validity of an attorney's fees award in an eminent domain action. Section 73.091, Florida Statutes (1993), applicable to this case, provides:
Costs of the proceedings.  Except as provided in s. 73.092, the petitioner shall pay all reasonable costs of the proceedings in the circuit court, including, but not limited to, a reasonable attorney's fee, reasonable appraisal fees, and, when business damages are compensable, a reasonable accountant's fee, to be assessed by that court.
Section 73.092, Florida Statutes (1993) contains the factors applicable in assessing a reasonable attorney's fee.[1] The award in *364 this case arose from an action filed by Seminole County to acquire a 2.8 acre tract of land owned by one Pauline Arndt. At the inception of the action the tract had no direct access to a public road.
Resolution of the case focused upon the availability of feasible access to the property. The County had three appraisals done on the property; the first for $30,820.00, the second for $96,000.00, and the third for $140,000.00. Its initial offer to Arndt was based on the lowest appraisal. Arndt's appraiser, on the other hand, assumed that access was available to a highway interchange and arrived at a value of $1,450,000.00 for the property. The case was settled without trial for the amount of $700,000.00, and the assessment of a reasonable fee for the landowner's attorneys was left to the trial court.
The court, utilizing the provisions of section 73.092, found that a reasonable fee based on hourly rates was $25,425.00, and then added to that amount twenty percent of the "benefit"  i.e., the difference between the settlement amount and the County's initial offer. This percentage award of $133,836.00, added to the hourly award, resulted in a total fee to the landowner's attorneys of $159,261.00. This "double decker" application of the statute by the trial court resulted in an effective hourly rate for Arndt's counsel of $1,276.64 per hour. Whatever section 73.092 may mean, and it admittedly is lacking in specificity, it cannot reasonably have been intended by the Florida Legislature to produce this result. As observed by the Fourth District's opinion in Miller v. First American Bank and Trust, 607 So.2d 483, 485 (Fla. 4th DCA 1992), in matters involving the award of attorney's fees, irrespective of the "expert" opinions presented below, an appellate court is not required to abandon its own expertise or common sense. Indeed, appellate courts will closely scrutinize attorney fee awards to ensure their reasonableness. See, e.g., Kuhnlein v. Department of Revenue, 662 So.2d 309 (Fla. 1995).
The assessment of attorney's fees in a condemnation action is determined pursuant to those specific factors found in section 73.092, Florida Statutes, Downtown Square Associates v. State Department of Transportation, 648 So.2d 1265 (Fla. 4th DCA 1995), but the award cannot exceed a reasonable fee. Solid Waste Authority v. Parker, 622 So.2d 1010 (Fla. 4th DCA 1993). As Judge *365 Warner explained for the court in Solid Waste:
It is true that appellee's attorneys met with great success for the appellee. However "even where a client receives huge benefits which are directly attributable to the skill of his lawyer, there must be a limit to the amount the lawyer should be entitled to receive for these services." [Manatee County v. Harbor Ventures, Inc., 305 So.2d 299 (Fla. 2d DCA 1974)]. This is particularly true when the public is expected to pay for the representation. We do not deem that "full compensation" allowed by Article 10, Section 6 of the Florida Constitution means any more than reasonable compensation.
622 So.2d at 1014.
The County contends that regulation of attorney's fees is a judicial function and that section 73.092 is an "offensive encroachment" upon that function resulting in the award of excessive fees. Moreover, says the County, even if the setting of an eminent domain fee were within the purview of the legislature, the instant legislation precludes the trial court from considering the public's side of the case,[2] and requires the court to consider factors unrelated to an attorney's work effort as contrasted to the objective lodestar approach formulated by the Florida Supreme Court in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). The County also maintains that, in order to achieve consistency, the trial courts must be provided with a formula or method for calculating fees, such as lodestar, rather than the provisions of section 73.092.
We cannot accept these particular arguments advanced by the County because they previously have been rejected by the Florida Supreme Court and by this court. See, e.g., Schick v. Department of Agriculture and Consumer Services, 599 So.2d 641 (Fla. 1992); Florida Inland Navigation District v. Humphrys, 616 So.2d 494 (Fla. 5th DCA 1993). Nevertheless, there is a difference between those cases and the instant case. In neither of those cases, nor in any other that we can find, has a trial court interpreted the fee statute to arrive at a top dollar hourly rate award and then supplemented it with a generous percentage award. Indeed, the percentage figure used to determine the "bonus" in this case is the same percentage figure  i.e., twenty percent  that was used to determine the entire fee in Humphrys. The trial court's interpretation of section 73.092, which effectively awards a dual fee, would render the statute unconstitutional as applied in this case. It is readily apparent from the record and the arguments in this case that the trial court utilized the fee award as a punitive measure against the County based upon the perception that the County's initial offer was made in bad faith and was an attempt to "low ball" the landowner for purposes of settlement negotiations. Even if this perception is correct, the appropriate remedy lies elsewhere rather than in the imposition of exorbitant attorney fees.
We specifically recognized in Humphrys that the trial court expressly considered multiple statutory factors, and found that there was no conflict with the Florida Supreme Court opinion in Schick v. Department of Agriculture and Consumer Services, 599 So.2d 641 (Fla. 1992). In Schick it was held that the Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), modified, Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990), contingency risk multiplier was not applicable in an inverse condemnation action and the trial court, in considering a reasonable fee award, should confine its considerations to the specific statutory criteria set forth by the legislature. We did not hold in Humphrys, nor have we ever held, that a percentage figure must be used to arrive at a reasonable fee award pursuant to the provisions of section 73.092, Florida Statutes (1991). Furthermore, we note that the effective hourly rate of compensation resulting from our decision in Humphrys came to $375.00, or about one-third of the hourly rate sanctioned here.
Even absent this "double decker" application of section 73.092, Florida Statutes, the *366 award here constitutes an excessive and unreasonable fee. Appellate courts in this state have not hesitated to strike down attorney's fee awards in eminent domain actions where the awards are excessive as exceeding a reasonable hourly rate. See, e.g., Solid Waste; Dade County v. Oolite Rock Co., 311 So.2d 699 (Fla. 3d DCA 1975); Department of Transportation v. Denmark, 356 So.2d 15 (Fla. 4th DCA 1978). We have no hesitation in striking down the fee here which amounts to some $1,276.64 per hour.
Accordingly, we reverse the attorney fee award and remand for reconsideration of a reasonable attorney's fee pursuant to the specific statutory factors enumerated in section 73.092, Florida Statutes (1993).
REVERSED AND REMANDED.
PETERSON, C.J. and W. SHARP, J., concur.
NOTES
[1] Section 73.092, Florida Statutes (1993) provides, in pertinent part:

(1) In assessing attorney's fees in eminent domain proceedings, the court shall give greatest weight to the benefits resulting to the client from the services rendered.
(a) As used in this section, the term "benefits" means the difference between the final judgment or settlement and the last written offer made by the condemning authority before the defendant hires an attorney. If no written offer is made by the condemning authority before the defendant hires an attorney, benefits must be measured from the first written offer after the attorney is hired.
1. In determining attorney's fees in prelitigation negotiations, benefits do not include amounts awarded for business damages unless the business owner provided financial records to the condemning authority, upon written request, prior to litigation.
2. In determining attorney's fees subsequent to the filing of litigation, if financial records are not provided to the condemning authority prior to litigation, benefits for amounts awarded for business damages must be based on the first written offer made by the condemning authority within 120 days after the filing of the eminent domain action. If the condemning authority makes no written offer to the defendant for business damages within 120 days after the filing of the eminent domain action, benefits for amounts awarded for business damages must be based on the difference between the final judgment or settlement and the last written offer made by the condemning authority before the defendant hired an attorney.
(b) The court may also consider nonmonetary benefits which the attorney obtains for the client.
(2) In assessing attorney's fees in eminent domain proceedings, the court shall give secondary consideration to:
(a) The novelty, difficulty, and importance of the questions involved.
(b) The skill employed by the attorney in conducting the cause.
(c) The amount of money involved.
(d) The responsibility incurred and fulfilled by the attorney.
(e) The attorney's time and labor reasonably required adequately to represent the client in relation to the benefits resulting to the client.
* * * * * *
(4) In determining the amount of attorney's fees to be paid by the petitioner, the court shall be guided by the fees the defendant would ordinarily be expected to pay if the petitioner were not responsible for the payment of fees and costs.
[2] For example, in the instant case the fact that the settlement was for an amount equal to only thirty-seven percent of the landowner's claim could not be considered under the applicable statute.