678 So.2d 370 (1996)
SEMINOLE COUNTY, Appellant,
v.
ROLLINGWOOD APARTMENTS, LTD., etc., et al., Appellees.
No. 94-2873.
District Court of Appeal of Florida, Fifth District.
June 14, 1996.
Rehearing Denied August 27, 1996.
*371 Lonnie N. Groot, County Attorney, Robert A. McMillan, Deputy County Attorney, and Henry M. Brown, Assistant County Attorney, Sanford, for Appellant.
Will J. Richardson of Richardson Law Offices, P.A., Tallahassee, for Appellee John C. Reber, as Trustee.
No Appearance for Rollingwood Apartments, Ltd.
W. SHARP, Judge.
This is another appeal by Seminole County from an award of attorney's fees in an eminent domain action. See Seminole County v. Delco Oil, Inc., 669 So.2d 1162 (Fla. 5th DCA 1996); Seminole County v. Clayton, 665 So.2d 363 (Fla. 5th DCA 1995). We reverse the award and remand for reconsideration pursuant to this court's decisions in Delco Oil and Clayton.
In July 1991, Seminole County filed a petition to condemn property to improve and expand Red Bug Road. The properties to be condemned included three parcels owned by John Reber, as trustee. In September 1991, Seminole County deposited $172,200 as its good faith estimate of value for these parcels. Reber rejected this evaluation. Three years later, Reber agreed to accept $625,000 from Seminole County as full compensation.
Reber also moved to assess attorney's fees. After a hearing was held, the trial court found that a reasonable hourly rate for the landowner's attorney was $275 and that 140 hours were reasonably spent on the case for a total of $38,500. The court also found that counsel had received a benefit for the landowner of $452,800 over the initial offer/good faith deposit of Seminole County. To arrive at the attorney's fees, the trial court took 25 percent of the benefit (25% × $452,800 = $113,200), multiplied it by 2 (2 × $113,200 = $226,400), added in the hourly rate of $38,500 ($226,400 + $38,500 = $264,900) and then divided this total by 3 for a fee of $88,300 ($264,900 ÷ 3 = $88,300).
On appeal, Seminole County advances several constitutional challenges to the eminent domain attorney's fee statute, section 73.092, Florida Statutes (1993). Seminole County also contends that the fee constitutes an impermissible bonus paid to eminent domain attorneys and is excessive.
This case is controlled by our recent decisions in Delco Oil and Clayton. In these cases, we rejected the County's constitutional challenges to the attorney's fees statute. However, we agreed with the County that the methods utilized by the trial courts in those cases did not comport with the statutory requirements of section 73.092. Similarly, the method used by the trial court here does not comport with the statutory requirementsthe court awarded a top hourly rate plus a generous percentage award, which resulted in a fee of over $630 per hour. Accordingly, we reverse the fee award and remand for reconsideration under Delco Oil and Clayton.
REVERSED and REMANDED.
PETERSON, C.J., and HARRIS, J., concur.