688 So.2d 372 (1997)
SEMINOLE COUNTY, Appellant,
v.
CUMBERLAND FARMS, INC., et al, Appellee.
No. 95-1839.
District Court of Appeal of Florida, Fifth District.
January 24, 1997.
Rehearing Denied February 27, 1997.
Robert A. McMillan, County Attorney and Henry M. Brown and Lynn M. Vouis, Assistant County Attorneys, Sanford, for Appellant.
H. Adams Weaver and Clay C. Brooker of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for Appellee.
*373 THOMPSON, Judge.
Seminole County appeals from an order awarding attorney's fees in the amount of $36,300 to Cumberland Farms, Inc. Seminole County argues that the formula suggested by Cumberland Farm's expert and used by the court did not comply with section 73.092, Florida Statutes. We reverse.
Seminole County filed a petition in eminent domain to acquire property owned by Cumberland Farms, stating the value of the property was $132,100. Eventually, the parties agreed to an order of taking of the entire property and damages of $265,000. However, the parties disagreed regarding the amount of attorney's fees. At the attorney's fees hearing, Cumberland Farms' expert, John Scruggs, testified that he calculated a reasonable fee through two methods. Using the first method, he added the lodestar amount of $21,500 to 15% of the difference between what the county offered in its condemnation petition and what it actually paid. He arrived at $41,000 for attorney's fees. Scruggs' second method was a modification of the method used in Solid Waste Authority of Palm Beach County v. Parker, 622 So.2d 1010 (Fla. 4th DCA 1993). He took one-third of the benefit, the difference between what the county initially offered and what it settled for, doubled the third, added the lodestar to the result, and divided by three. He reached the amount of $36,700 for attorney's fees. The trial court used the second formula, but with a slightly smaller lodestar amount, and arrived at a fee of $36,300.[1] The final judgment awarding fees did not refer to the factors required by section 73.092, Florida Statutes (1993) to be utilized in determining the benefit to the property owner.
We remand to the trial court for reconsideration in light of our recent decisions in Seminole County v. Delco Oil, Inc., 669 So.2d 1162 (Fla. 5th DCA), rev. denied, 682 So.2d 1100 (Fla.1996) and Seminole County v. Clayton, 665 So.2d 363 (Fla. 5th DCA 1995). In order to determine a reasonable fee, the trial court should not have used a combination of lodestar and a percentage of the benefit obtained to the owner because an eminent domain case is not a contingency case. Seminole County v. Butler, 676 So.2d 451, 453 (Fla. 5th DCA), rev. denied, no. 88,693, 686 So.2d 581 (Fla.1996) (Table). Instead, the court should have used the lodestar as the basis for the fee and then expressly set forth the number of hours reasonably expended in the litigation and the reasonable hourly rate. Delco; Lee County v. Tohari, 582 So.2d 104 (Fla. 2d DCA 1991). The benefit obtained should have then been used to adjust the lodestar up or down by a specific dollar amount as opposed to a multiplier, to reflect the attorney's unusual success or failure. Delco at 1167.
Because the trial court did not set the fee in accordance with Delco and Clayton, we reverse the fee award and remand for reconsideration. We find other issues raised by Seminole County without merit.
W. SHARP and GRIFFIN, JJ., concur.
NOTES
[1] Calculation
 Settlement Amount $265,000
 Written offer by county - $132,100
 ________
 Difference (benefit) $132,900
Lodestar plus
 1/3 of benefit (or $44,300) × 2 $ 88,600
 Lodestar $ 20,144
 ________
 TOTAL = $108,744
 Total divided by three $ 36,248
 Total award $ 36,300
 (rounded to nearest $100)