RYDER, Judge.
Sheila J. Lara objects to a trial court order which granted to her an attorney’s fee of only $750.00 to be paid by appel-lee/cross-appellant Fortune Insurance Company. On cross-appeal Fortune challenges Lara’s right to any fee, and claims entitlement to attorney’s fees from Lara under section 57.105, Florida Statutes (1987). We reverse and remand for an *910 evidentiary hearing as to the point on main appeal but affirm on cross-appeal.
Lara sustained injuries in an automobile accident which occurred on January 2, 1986. On that date, she was insured by Fortune for personal injury protection (PIP) benefits, which she requested Fortune pay as lost wages. Fortune did not timely pay these benefits as required by section 627.736(4)(b), Florida Statutes (1985), and Lara filed a complaint to obtain her benefits.
On July 16,1986, after several months of litigation, Fortune offered to pay the policy limits and an attorney’s fee of $3,500.00 to Lara on the condition that the check be made payable jointly to Lara and her medical providers. Lara refused this offer, and insisted Fortune make the check payable solely to her as lost wages. On December 18, 1988, the trial court allowed Fortune to tender the policy limits into the court registry and ruled that Lara was entitled to an attorney’s fee.
Subsequently, the court ruled Lara’s attorney fee entitlement to be $750.00. In its order, the court set forth the facts and specifically stated it had considered the federal lodestar equation as required by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985.) However, the court did not set forth how it arrived at the figure of $750.00, did not set forth the reasonable number of hours for which compensation was owed, and did not set forth the reasonable hourly rate at which Lara’s attorney was to be compensated. Under Rowe, the trial court must set forth specific findings and state the grounds upon which the fee is based. Id. at 1151. Therefore, we must reverse and remand for an eviden-tiary hearing after which the trial court should apply all of the Rowe factors to this contingency fee case.
During oral argument before this court, both parties agreed that appellant’s entitlement to attorney’s fees does not extend beyond July 16, 1986. Therefore, upon remand, the trial court should limit its consideration to that time expended by Lara’s attorney until that date.
Appeal reversed and remanded for proceedings consistent with this opinion. Cross-appeal affirmed.
SCHEB, A.C.J., and SCHOONOVER, J., concur.