553 So.2d 361 (1989)
DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES, Appellant,
v.
Marjorie SCHICK, Robert Schick, Buck Hull, and Dot Hull Shaw, Appellees.
No. 89-1366.
District Court of Appeal of Florida, First District.
December 7, 1989.
Harry Lewis Michaels, Dept. of Agriculture and Consumer Services, Tallahassee, for appellant.
Randall Denker, of Rubin, Lehrman and Denker, Pa., Tallahassee, for appellees.
WIGGINTON, Judge.
Appellant appeals two judgments awarding appellees trial and appellate attorney's fees in their inverse condemnation suit against appellant. We reverse and remand for further proceedings.
Appellees filed an inverse condemnation action against appellant for pollution of underground water in privately-owned wells as a result of a nematode eradication *362 program conducted by appellant. After numerous court proceedings, including dismissals and appeals, appellees finally prevailed when a judgment was entered in their favor in the amount of approximately $326,000. Their attorney sought fees pursuant to Section 73.091, Florida Statutes, representing that she had invested 857.25 hours in the case, plus 21 hours obtaining a reversal on appeal[1] from the original dismissal of the action by the trial judge. A hearing on those motions was held in December 1988. However, the record contains no transcript of that hearing and there is no indication that it was reported. On May 5, 1989, the court entered the two appealed judgments.
In the judgment awarding appellate fees, the judge merely multiplied 21 hours by a rate of $150 per hour to arrive at a total of $3,150. He then, with no statement of specific reasons, declared that a contingency risk factor of two should be applied, resulting in a fee of $6,300. In the other judgment, he multiplied 800 hours by $150 per hour and, again without stating specific reasons, applied a 2.5 contingency risk factor to arrive at a $300,000 fee.
Appellant asserts that the court erred in awarding those fees without making specific findings to support the application of a multiplier and in even applying a contingency risk multiplier to the fees which were awarded under Chapter 73. Appellant is correct that the judgments on appeal are deficient in that they fail to meet the requirement that the trial court set forth specific findings to support any enhancement factor applied in awarding an attorney's fees. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985); Lara v. Fortune Insurance Co., 545 So.2d 909 (Fla. 2d DCA 1989); Atlantis Building B Condominium Association v. Skawski, 544 So.2d 1069 (Fla. 4th DCA 1989). See also Beisswenger v. Omicron Construction and Development Co., 552 So.2d 240 (Fla. 4th DCA 1989). Accordingly, we reverse the final judgments awarding attorney's fees and remand to the trial court with instructions to conduct such further hearings as may be necessary and to enter final judgments awarding attorney's fees complete with findings of fact as required by Rowe and the other above cited cases.
On remand, the trial court may determine that a contingency risk factor should be applied in the award of attorney fees in this case even though the fees are awarded pursuant to a statute. See Inacio v. State Farm Fire and Casualty Co., 550 So.2d 92 (Fla. 1st DCA 1989). Frequently a fee awardable pursuant to section 73.091 would not appropriately include a contingency risk factor. However, under certain circumstances, such as perhaps in the instant case where entitlement to a fee under 73.091 did not vest until appellees overcame the hurdle of showing inverse condemnation, application of a contingency risk factor can be upheld if adequate reasons for such an award are set forth.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH and BARFIELD, JJ., concur.
NOTES
[1] Schick v. Florida Department of Agriculture, 504 So.2d 1318 (Fla. 1st DCA 1987).