619 So.2d 1037 (1993)
STEWART SELECT CARS, INC., and Stewart Pontiac Company, Appellants,
v.
Tony MOORE and Donna Ashley, Appellees.
No. 91-1687.
District Court of Appeal of Florida, Fourth District.
June 9, 1993.
Rehearing Denied August 12, 1993.
Peter M. Feaman of Parker, Johnson, Anderson, McGuire & Michard, P.A., withdrawn as counsel after oral argument, James D. Adams, Boca Raton, and Arnstein & Lehr, West Palm Beach, for appellants.
David C. Wiitala of McManus, Wiitala & Contole, P.A., North Palm Beach, and Raymond G. Ingalsbe of Raymond G. Ingalsbe, P.A., Palm Beach Gardens, for appellees.
PER CURIAM.
This is an appeal from a final judgment awarding attorney's fees to Raymond G. Ingalsbe, P.A., the attorney for appellees,[1] pursuant to section 501.2105, Florida Statutes (1989).
The case, which commenced as an action for damages brought by appellees, against Stewart Select Cars, Inc. and Stewart Pontiac Company, resulted in a jury verdict and judgment for $9,210.16 in favor of appellees. Thereafter, upon motion the trial court held an evidentiary hearing and awarded attorney's fees of $75,000.00 to appellees' counsel, pursuant to the aforesaid statute. The latter judgment for fees is the only judgment being appealed.
Factually the case arose out of a scenario involving appellees' purchase of an automobile from appellants in the regular course of appellants' business. Suffice it to say that as a result of the way in which they were treated by appellants appellees commenced this suit. The amended complaint which appellees filed contains six counts alleging deceptive and unfair trade practices, *1038 fraud and deceit, breach of warranties, revocation of acceptance/rejection of nonconforming goods, violation of the truth in lending act, and violation of the Florida Motor Vehicle Sales Finance Act. A directed verdict was suffered by appellees on one count and another count was withdrawn. Four counts went to the jury and each of the parties prevailed on two counts. Judgment was entered for appellees on the counts for deceptive and unfair trade practices and for violation of the Florida Motor Vehicle Sales Finance Act in the total amount of $9,210.16.
Thereafter, appellees moved for the assessment of prevailing party attorney's fees pursuant to sections 501.2105 and 520.12(2). At an evidentiary hearing, evidence was adduced which showed that appellees' counsel had spent 284.5 hours on the preparation and prosecution of appellees' case and that said counsel had a totally contingent fee contract. Appellees' witness testified that the type of litigation was somewhat novel, complex and involved difficult questions which would make it difficult to obtain local counsel on a contingent basis; that the number of hours spent was justified; and that a reasonable rate per hour for a board certified lawyer as plaintiff's counsel was $250.00-$300.00 per hour. Proof was also presented by appellees that a reasonable fee for counsel's services was $112,000.00.
The thrust of appellants' defense was that the amount involved in the case was not significant because the out-of-pocket expenses were around $1,200.00, and that appellants tried to settle the case early on but could not get a figure from plaintiffs' counsel until after many requests therefor. Finally, appellees offered to settle for $50,000.00. Appellants strongly contend that plaintiffs' counsel overtried the case in order to build up the attorney's fees that plaintiffs would recover if they prevailed in this consumer litigation. One of appellants' witnesses testified that, based upon a time frame needed to prosecute the case, 160 hours would have been reasonable as would $150.00 per hour which would total $24,000.00. However, said witness even reduced that amount to $12,000.00 for this case based upon the result obtained.
Since the case is to be reversed for further consideration of attorney's fees we take no definitive position on the foregoing question but suggest the trial court consider this court's recent decision in Ziontz v. Ocean Trail Unit Owners Ass'n, 18 Fla. L. Weekly D1146, 1993 WL 140126 (Fla. 4th DCA May 5, 1993) and Miller v. First American Bank and Trust, 607 So.2d 483 (Fla. 4th DCA 1993) in making the ultimate determination of the proper amount of attorney's fees to be awarded.
Appellant also attacks the award of attorney's fees because the trial court used a contingent fee multiplier of 1.5 in arriving at the amount thereof. It is appellant's contention that this case is not appropriate for application of the contingency risk multiplier provided in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). We agree because the primary statute relied upon herein for recovery of attorney's fees is section 501.2105, Florida Statutes (1989) which provides a reasonable attorney fee for the prevailing party "for the hours actually spent on the case." Under these circumstances the Rowe contingency risk multiplier is inappropriate. This question has been settled by the Supreme Court of Florida in Schick v. Department of Agriculture and Consumer Services, 599 So.2d 641 (Fla. 1992) wherein it held:
[T]hat where the legislature has set forth specific criteria for determining reasonable attorney's fees to be awarded pursuant to a fee-authorizing statute, the trial judge is bound to use only enumerated criteria.
Id. at 643; see also Department of Agric. & Consumer Svcs. v. Schick, 580 So.2d 648 (1st DCA 1991), aff'd, 599 So.2d 641 (1992). Thus, the trial court is restricted in its determination of the amount of attorney's fees to the reasonable time spent by counsel in prosecuting the case.
Appellants also attack the judgment in favor of appellees on the basis that they made two offers of settlement prior to trial, both of which exceeded the jury award of $9,210.16. Appellants assert that they filed a written offer of judgment "pursuant to sections 45.061 and 768.79, Florida Statutes and Florida Rule of Civil Procedure *1039 1.442" in the amount of $10,000.00, which included attorney's fees and costs. Shortly thereafter, but before trial, they are alleged to have increased the offer to $10,000.00 plus a new Pontiac Firebird (the value of which is alleged to be $15,000.00). Having made offers to settle which were in excess of the amount recovered, appellants, citing C.U. Assocs. v. R.B. Grove, Inc., 472 So.2d 1177 (Fla. 1985), argue that appellees are not entitled to recover attorney's fees because they are not the prevailing parties.
If the record supported appellants' characterization of its contents their position might well carry the day. However, the record does not even come close to supporting the second offer. There is some conversation about such an offer but by no means sufficient to constitute a legal, binding offer. The trial judge heard specific evidence and argument on the efficacy of both offers and found both insufficient. The first offer, which is the only one that is arguable, was made at a time when appellees had a pending complaint with at least two good counts (which produced nearly $10,000.00 we see from our Monday morning vantage point); it was made at a point in time when appellees' counsel had already expended 80 hours of time on the case. At two to three hundred dollars an hour this would yield attorney's fees in the area of $20,000.00. Thus, the trial court held that this offer was unreasonable and insufficient. We agree, because an offer must be "a bona fide good faith offer." C.U. Assocs., supra, 472 So.2d at 1177, 1179.[2]
Accordingly, we reverse the judgment appealed from and remand the cause for a new determination of the amount of attorney's fees to be awarded appellees consistent with this opinion.
GUNTHER and WARNER, JJ., and DOWNEY, JAMES C., Senior Judge, concur.
NOTES
[1] Section 501.2105, Florida Statutes (1989) provides for an award of attorney's fees for the prevailing party. Raymond G. Ingalsbe, Esquire, is counsel for the appellee and not a party to this suit. Nevertheless, this point has not been raised by counsel and thus the judgment will be treated for appellate purposes as though it were awarded to appellees.
[2] We do not address the parties' arguments as to the applicability to this case of C.U. Associates' definition of "prevailing party" because of our threshhold finding that the subject offer in the instant case was not a bona fide good faith offer.