POLEN, Judge.
Downtown Square Associates appeals from a final judgment awarding fees for attorneys and experts in an eminent domain proceeding. We reverse as the trial court considered factors other than those enumerated in section 73.092, Florida Statutes (1993), in *1266 fashioning the fee award. Section 73.092 provides in pertinent part:
(1) In assessing attorney’s fees in eminent domain proceedings, the court shall give greatest weight to the benefits resulting to the client from the services rendered.
(2) In assessing attorney’s fees in eminent domain proceedings, the court shall give secondary consideration to:
(a) The novelty, difficulty, and importance of the questions involved.
(b) The skill employed by the attorney in conducting the cause.
(c) The amount of money involved.
(d) The responsibility incurred and fulfilled by the attorney.
(e) The attorney’s time and labor reasonably required adequately to represent the client in relation to the benefits resulting to the client.
(4) In determining the amount of attorney’s fees to be paid by the petitioner, the court shall be guided by the fees the defendant would ordinarily be expected to pay if the petitioner were not responsible for the payment of fees and costs.
Further, in Schick v. Department of Agriculture and Consumer Services, 599 So.2d 641 (Fla.1992), this court held that if a statute exists that sets forth specific criteria that must be considered by the court in fashioning a reasonable attorney’s fee award, that statute controls. Id. at 643. And if that statute does not contemplate the use of additional factors, then those factors cannot be considered in determining the award. Id. See also State Department of Transportation v. Denmark, 354 So.2d 100 (Fla. 4th DCA 1978) (statute governing assessment of attorney’s fees in eminent domain proceeding clearly leaves award of attorney’s fees to court, within set parameters); Stewart Select Cars v. Moore, 619 So.2d 1037 (Fla. 4th DCA 1993) (where the legislature has set forth specific criteria for determining reasonable attorney’s fees to be awarded pursuant to a fee authorizing statute, the trial court is bound to use only enumerated criteria). As the trial court at bar specifically .set out in its final order the amount of fees it believed were reasonable had it not considered factors outside the scope of section 73.092, we reverse and remand for fees to be awarded in accordance with that portion of the final order which provides as follows:
Robert Ware 90 hours at $200 per hour
John Figini 40 hours at $150 per hour
Roy Fisher 22 hours at $125 per hour
Charles Failla 3 hours at $150 per hour
Tom Byrd 1.5 hours at $150 per hour
Lee West 1.0 hours at $125 per hour
Jesse Vance 6.0 hours at $125 per hour
DELL, C.J., and STONE, J., concur.