THOMPSON, Judge.
In this eminent domain case, Seminole County appeals an attorney’s fee award to Coral Gables Federal Savings and Loan Association (“CGF”) entered pursuant to section 73.092, Florida Statutes (Supp.1994). Section 73.092 provides, in part, that attorney’s fees should be based on a percentage of the “benefit” obtained after negotiations. Seminole County argues that section 73.092 is unconstitutional because it deprives trial courts of the ability to determine a reasonable fee to a landowner based upon the criteria listed in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). We affirm.
After the county made a written offer of $475,000, the county and CGF agreed that the county would purchase the property for $680,000. The trial court determined the “benefits achieved by counsel for [CGF] ... pursuant to section 73.092(l)(a) and (b), Florida Statutes (1994) to [be] $205,000.00.” The court further held, “Given the foregoing determination of benefits achieved, the court awards attorney’s fees to CGF, in the amount of $67,650.00.” This was 33% of the difference between ’$680,000 and $475,000 ($680,000 — $475,000 = $205,000 X 33% = $67,650). “Benefit” is defined by the statute as the difference “between the final judgment and settlement and the last written *615 offer made by the condemning authority before the defendant hires an attorney.” § 73.092(l)(a), Fla.Stat. (Supp.1994).
First, Seminole County argues that attorney’s fees statutes are surplusage in eminent domain eases because courts possess constitutional authority to assure representation and reasonable compensation. The county states that Article X, section 6(a) of the Florida Constitution provides the right to counsel and reasonable attorney’s fees for the owner in eminent domain cases. Seminole County urges that the judiciary is the only entity that can determine attorney’s fees in eminent domain cases, and that the legislature cannot engage in fee-setting. This argument was made previously by Seminole County in Seminole County v. Delco Oil, Inc., 669 So.2d 1162 (Fla. 5th DCA), rev. denied, 682 So.2d 1100 (Fla.1996), and Seminole County v. Clayton, 665 So.2d 363 (Fla. 5th DCA 1995). We rejected the argument then and we reject it now.
Although the statute under consideration in Delco Oil and Clayton, section 73.02, Florida Statutes (1993), contained Rowe factors, our reasoning still applies. The legislature may require an award of fees in accordance with a sliding-percentage scale. See In re Estate of Platt, 586 So.2d 328, 335 (Fla.1991) (pointing out that if legislature had desired to set fees in probate cases in accordance with a sliding-percentage scale, it could have retained or modified prior statute). Where the legislature is silent on the factors it considers important in determining a reasonable fee, courts may look to the criteria enumerated in rule 4-1.5 of the Rules Regulating The Florida Bar. Schick v. Dept. of Agriculture & Consumer Services, 599 So.2d 641, 643 (Fla.1992). However, where the legislature specifically sets forth the criteria it deems will result in a reasonable award and will further the purpose of the fee-authorizing statute, only the statutory factors may be considered. Id. at 643-644. See also, Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990) (holding that lodestar method unnecessary where legislature is specific in setting criteria to be used in determining fee, and citing as example worker’s compensation cases in which legislature set forth sliding-percentage scale); Division of Admin., State Dept. of Transp. v. Ruslan, Inc., 497 So.2d 1348, (Fla. 4th DCA 1986) (award of attorneys’ fees in condemnation proceedings governed by provisions of Chapter 73, Florida Statutes (1985) rather than Rowe). In the instant case, the legislature essentially decided that a percentage of the benefits is a reasonable fee, and in Schick, the supreme court stated that the legislature can enact attorney’s fees provisions which “it deems will result in a reasonable award.” Id. at 644. Accordingly, we find this issue has no merit.
Seminole County next argues that the trial court erred when it admitted into evidence the county’s written offer of $475,000. We disagree. The county argues that section 90.408, Florida Statutes (1995), prohibits the introduction of any evidence of an offer to compromise a claim. Section 73.092 is intended to promote settlements and to deter litigation. It prevails over section 90.408 because the specific prevails over the general and because a later enactment prevails over an earlier enactment. See Starr Tyme, Inc. v. Cohen, 659 So.2d 1064, 1067 (Fla.1995) (when two statutes, whether general or specific, are hopelessly in conflict, the more recent prevails); People Against Tax Revenue Mismanagement, Inc. v. County of Leon, 583 So.2d 1373,1377 n. 5 (Fla.1991) (specific statute always prevails over general statute to the extent of any irremediable inconsistency, and, in effect, the former is construed as an exception to the latter). We find the other argument raised by the county also to be without merit.
We affirm the attorney’s fees order and hold that section 73.092 does not unconstitutionally infringe on the powers of the judiciary, and that it is within the power of the legislature to require that attorney’s fees be set as a percentage of the benefit.
AFFIRMED.
GRIFFIN, J., and PERRY, B., Jr., Associate Judge, concur.