700 So.2d 782 (1997)
DEPARTMENT OF TRANSPORTATION, STATE OF FLORIDA, Appellant,
v.
ROBBINS AND ROBBINS, INC., et al., Appellee.
No. 96-2163.
District Court of Appeal of Florida, Fifth District.
October 17, 1997.
*783 Pamela S. Leslie, General Counsel and Marianne A. Trussell, Assistant General Counsel, Tallahassee, for Appellant.
Gordon H. Harris, Kent L. Hipp, and G. Robertson Dilg of Gray, Harris & Robinson, P.A., Orlando, for Appellee.
THOMPSON, Judge.
The Department of Transportation ("DOT") appeals the final order awarding Richard Keith Martin, Robert Douglas Martin, Martin Companies of Daytona Beach, and Martin Asphalt Company (collectively "the condemnee"), $110,000 for attorneys' fees and $1,950.50 for expert witness fees in this condemnation case. The DOT argues that the trial court erred because it failed to calculate the attorneys' fees in conformity with sections 73.091 and 73.092, Florida Statutes (1993)[1], and this court's rulings. Further, the DOT argues that the trial court erred by awarding attorneys' fees for time spent litigating the issue of attorneys' fees and by awarding fees for the experts who testified at the fee hearing. We agree and we reverse.
This case arose out of the widening of Nova Road in Volusia County and the DOT's taking of approximately 62 parking spaces, about a half acre, from the condemnee's property. The DOT made the condemnee an initial offer in March 1994[2] of $106,200, the *784 condemnee's counter offer was more than $1,000,000, and the parties settled after mediation for $500,000. Issues involved were a cure of the parking situation, the need for drainage, title to part of the property, and related engineering matters. All parties agree that the case was complex and complicated. The trial court wrote in its order that "the condemnee's attorney was required to coordinate and lead a team of experts including an appraiser, a traffic engineer, a land planner/civil engineer, a hydrologist, a certified public accountant and a surveyor."
After a contested hearing on the issue of attorneys' fees, during which experts testified for the condemnee and for the DOT, the trial court found that the reasonable and necessary time expended by the firm was 306 total hours. Of the 306 hours, the total attorney time for the condemnation was 174.4 hours, the total paralegal time was 122.7 hours, and the total time for the attorney who represented the attorneys at the fee hearing was 9 hours. The trial court found that the hourly rate for the attorneys and the paralegals who worked on the case was reasonable. The trial court established a lodestar of $51,980.50, and then adjusted the lodestar upward to arrive at an attorney's fee of $110,000. In its order, the trial court noted the "most impressive benefit" of $393,000 obtained by the attorneys, the improvement to the property which allowed the condemnee to stay on the property and continue its business, and the protracted litigation. The court also awarded an expert witness fee of $1,956.50. We detail the errors in calculating the fee.

CALCULATION OF ATTORNEYS' FEES
First, the trial court awarded an hourly rate in excess of what the attorneys requested in their direct testimony. The firm of Gray, Harris, and Robinson represented the condemnee and spent 297 hours in the litigation, including attorney and paralegal time. Kent Hipp testified concerning the attorneys' fees billed in the case by the firm. Gordon Harris, lead attorney in the firm, billed at $300 per hour, Fred Leonhardt billed at $240 per hour, G. Robertson Dilg billed at $200 per hour, Kent Hipp billed at $175 per hour, and the paralegals billed at $75 per hour. For this case, Harris billed 52.3 hours, Dilg 20.8 hours, Hipp 92.1 hours and Leonhardt 9.2 hours, for a total attorney time of 174.4 hours. The expert testified that he thought a reasonable hourly rate for Dilg was $225 rather than $200, that Hipp was worth $200 instead of $175 per hour, and that one of the paralegals was worth $85 instead of $75 per hour. Using these figures, the expert obtained a base lodestar of $50,508. Citing Kuhnlein v. Department of Revenue, 662 So.2d 309 (Fla.1995), the expert explained that he used a multiplier to obtain a fee of $109,795. The multiplier was based upon the complexity of the case and the results obtained. The trial court's order set hourly fees for Harris at $300, Leonhardt at $240, Dilg at $225, Hipp at $220, and the paralegals at $75 to obtain a lodestar of $51,980.50. The trial judge then approximately doubled the lodestar.
In Seminole County v. Delco Oil, Inc., 669 So.2d 1162 (Fla. 5th DCA), rev. denied, 682 So.2d 1100 (Fla.1996), and Seminole County v. Clayton, 665 So.2d 363 (Fla. 5th DCA 1995), this court disapproved the method used by the trial court to calculate attorneys' fees. Here, as best we can tell from the order, the trial court simply established the lodestar and then doubled it. The trial court wrote:
The Court has calculated this attorney's fee by considering the several statutory factors and adjusting them upward by the benefits resulting to the respondents from the services rendered by their counsel.
The trial court adopted the expert's contingency risk multiplier when it doubled the lodestar amount. This created an improper "double-decker" award based upon the theory that attorney's fees in eminent domain cases are contingent. They are not. See In *785 re Estate of Platt, 586 So.2d 328, 335 (Fla. 1991); Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990); Schick v. Department of Agriculture and Consumer Services, 599 So.2d 641 (Fla.1992). The correct procedure to establish a fee consistent with section 73.092 is for the trial court to consider the various factors set forth in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), modified, Standard Guaranty Insurance Company v. Quanstrom, 555 So.2d 828 (Fla.1990), except that the benefits obtained should be weighed most heavily. Delco Oil, Inc., 669 So.2d at 1167, citing In re Estate of Platt, 586 So.2d 328, 335 (Fla.1991). Once the lodestar-like secondary statutory factors are determined, the court should consider the benefit obtained to adjust the lodestar up or down. Here the trial court adjusted the attorneys' fees upward to get a lodestar then doubled the fees. The procedure did not follow the statute or the case law of this district.

PARALEGAL FEES
Second, the trial court improperly included the paralegal hours as part of the attorneys' hours to get a "blended" effective hourly rate. The trial court counted the paralegal hours and attorneys' hours to obtain the lodestar. Instead of separately awarding paralegal time, ordinarily billed at $75 per hour, the trial court mixed paralegal and attorney time, then awarded the firm more than $300 per hour for paralegal time. The seeming effect of this method, since the attorneys conceded at oral argument that they would not pay the paralegals the higher fee, was to reduce the effective hourly attorneys' fees rate to a rate lower than it actually was. Although the condemnee argues that we adopted this method of calculating attorneys' fees in Florida Inland Navigation District v. Humphrys, 616 So.2d 494 (Fla. 5th DCA 1993), we do not read that case to support his theory.
While the trial court is required by section 57.104 to consider time expended by legal assistants when awarding attorney's fees in eminent domain proceedings, Whitlow v. South Georgia Natural Gas Company, 650 So.2d 637 (Fla. 1st DCA 1995), this court has never held that paralegal time can be "blended" with attorney time to set a reasonable attorney rate. Further, it is not logical to use a paralegal to help on a client's case because it is cheaper for the client, then seek to recoup the paralegal time at an attorney rate from the condemning authority. Coupling that with the admission that the paralegal would not reap the benefit of this windfall shows that this "blending" is simply another method to increase the attorneys' fees in the case. Upon remand, the trial court will separate out the paralegal time of 122.7 hours and, if appropriate for compensation, multiply the number of paralegal hours by the hourly rate of $75.

FEES FOR LITIGATING ATTORNEY FEES
Finally, the trial court should disallow the 9 hours awarded to the condemnee's attorney for preparing for the attorney's fee hearing and the fee for the expert's testimony at the hearing. Time spent litigating a fee amount is not compensable since the condemnee has no interest in the amount of the fee, the benefit of which inures solely to its attorney. Therefore, the condemning authority should not bear the costs involved in proving the amount of the fee. Department of Transp. v. Winter Park Golf Club, Inc., 687 So.2d 970 (Fla. 5th DCA 1997). The condemnee is only entitled to fees that are reasonable, Delco, and the condemning authority is not required to pay any more than a reasonable fee, City of Orlando v. Kensington, Ltd., 580 So.2d 830 (Fla. 5th DCA 1991). Since DOT is required to pay a reasonable fee, the condemnee in this case, whose attorney receives the fee, has no interest in the amount of the fee from DOT. State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830 (Fla.1993).

CONCLUSION
We reverse the award of attorney fees. Upon remand the trial court should set the lodestar amount based upon the testimony as to the number of hours spent by each attorney multiplied by their reasonable hourly rates and then determine any adjustment based upon the benefit obtained. The number of attorneys' hours spent in the case *786 should not include the paralegal time or the 9 hours spent preparing for the fee hearing. If the trial court determines that paralegal fees are reasonable and compensable, fees should be awarded at the $75 per hour rate. There should be no award of fees for the expert witness.
REVERSED with directions.
DAUKSCH and HARRIS, JJ., concur.
NOTES
[1] (1) In assessing attorney's fees in eminent domain proceedings, the court shall give the greatest weight to the benefits resulting to the client from the services rendered.

(a) As used in this section, the term "benefits" means the difference between the final judgment or settlement and the last written offer made by the condemning authority before the defendant hires an attorney. If no written offer is made by the condemning authority before the defendant hires an attorney, benefits must be measured from the first written offer after the attorney is hired.
1. In determining attorney's fees in prelitigation negotiations, benefits do not include amounts awarded for business damages unless the business owner provided financial records to the condemning authority, upon written request, prior to litigation.
2. In determining attorney's fees subsequent to the filing of litigation, if financial records are not provided to the condemning authority prior to litigation, benefits for amounts awarded for business damages must be based on the first written offer made by the condemning authority within 120 days after the filing of the eminent domain action. If the condemning authority makes no written offer to the defendant for business damages within 120 days after the filing of the eminent domain action, benefits for amounts awarded for business damages must be based on the difference between the final judgment or settlement and the last written offer made by the condemning authority before the defendant hired an attorney.
(b) The court may also consider nonmonetary benefits which the attorney obtains for the client.
(2) In assessing attorney's fees in eminent domain proceedings, the court shall give secondary consideration to:
(a) The novelty, difficulty, and importance of the question involved.
(b) The skill employed by the attorney in conducting the cause.
(c) The amount of money involved.
(d) The responsibility incurred and fulfilled by the attorney.
(e) The attorney's time and labor reasonably required adequately to represent the client in relation to the benefits resulting to the client.
* * * * * *
(4) In determining the amount of attorney's fees to be paid by the petitioner, the court shall be guided by the fees the defendant would ordinarily be expected to pay if the petitioner were not responsible for the payment of fees and costs.
[2] The eminent domain case was filed on June 30, 1994. Therefore, section 73.091(1), Florida Statutes (Supp.1994), does not apply. It applies only to actions filed after October 1, 1994. For actions filed after October 1, 1994, the legislature determined that attorney's fees should be based upon a specific percentage of the "benefit" obtained after negotiations. Where the legislature sets forth criteria, only the criteria may be considered. See Seminole County v. Coral Gables Federal Sav. and Loan Ass'n, 691 So.2d 614 (Fla. 5th DCA 1997) (citing Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990); Division of Admin., State Dept. of Transp. v. Ruslan, Inc., 497 So.2d 1348 (Fla. 4th DCA 1986)). Here, the court was required to follow the 1993 version of the statute.