779 So.2d 529 (2000)
CORVETTE SHOP & SUPPLIES, INC., and Daniel Morgan, Appellants,
v.
Emma Lou COGGINS and Susan Coggins, Appellees.
No. 2D99-3405.
District Court of Appeal of Florida, Second District.
December 15, 2000.
Rehearing Denied January 18, 2001.
*530 Wayne S. Timmerman, Tampa, and Thomas A. Smith, Tampa, for Appellants.
Dennis G. Diecidue, Tampa, and Charles P. Schropp of Schropp, Buell & Elligett, P.A., Tampa, for Appellees.
WHATLEY, Judge.
Corvette Shop & Supplies, Inc., and Daniel Morgan appeal a final judgment and an award of attorney's fees entered in favor of Emma Lou Coggins and Susan Coggins. The final judgment was entered in favor of the Cogginses as to their claims for deceptive and unfair trade practices and negligent misrepresentation. We find no error in the entry of the final judgment and affirm it without discussion. We also affirm the award of attorney's fees; however, we reverse the application of the contingency risk multiplier to the fee award.
The trial court granted attorney's fees pursuant to section 501.2105, Florida Statutes (1995). We first address the argument of Corvette Shop and Morgan that there was no basis for the fee award as the contingent fee contract was not reduced to writing until after the trial, and therefore, the Cogginses were not obligated to pay their attorney's fees. We note that the oral agreement for attorney's fees was reduced to writing before the final judgment was entered.[1] Therefore, the question presented is whether attorney's fees may be recovered by the prevailing party pursuant to section 501.2105 where the contingency fee agreement was signed after the trial but before the final judgment was entered. We conclude that attorney's fees may be awarded under these circumstances.
Florida Rule of Professional Conduct 4-1.5(f)(2) provides the following:
Every lawyer who accepts a retainer or enters into an agreement, express or implied, for compensation for services rendered or to be rendered in any action, claim, or proceeding whereby the lawyer's compensation is to be dependent or contingent in whole or in part upon the successful prosecution or settlement thereof shall do so only where such fee arrangement is reduced to a written contract, signed by the client, and by a lawyer for the lawyer or for the law firm representing the client. No lawyer or firm may participate in the fee without the consent of the client in writing. Each participating lawyer or law firm shall sign the contract with the client and shall agree to assume joint legal responsibility to the client for the performance of the services in question as if each were partners of the other lawyer or law firm involved. The client shall be furnished with a copy of the signed contract and any subsequent notices or consents. All provisions of this rule shall apply to such fee contract.
In support of their position, Corvette Shop and Morgan cite this rule and Chandris, S.A. v. Yanakakis, 668 So.2d 180 *531 (Fla.1995). In Chandris, the supreme court held that if a contingent fee contract fails to comply with the rules of professional conduct, it is against public policy and is not enforceable by the attorney who has violated the rule. See 668 So.2d at 185-186.
While we recognize that strict compliance with the rule is always prudent, we nevertheless conclude that the rule is intended to protect the client and is not intended to shield a nonprevailing party from the payment of attorney's fees. Compare Chandris, 668 So.2d 180 (client failed to honor a contingent fee contract that did not comply with the rule). Therefore, the award of attorney's fees in the present case was correct.
We next address the argument of Corvette Shop and Morgan that the trial court improperly applied a multiplier to the fee amount. We agree with this argument and reverse the multiplier amount. Stewart Select Cars, Inc. v. Moore, 619 So.2d 1037 (Fla. 4th DCA 1993), is directly on point. In Stewart, the Fourth District held that the application of the contingency risk multiplier is inappropriate where "the primary statute relied upon ... for recovery of attorney's fees is section 501.2105, Florida Statutes (1989) which provides a reasonable attorney fee for the prevailing party `for the hours actually spent on the case.'" 619 So.2d at 1038. We agree with Stewart and hold that the contingency risk multiplier should not have been applied in this case where the award of attorney's fees was based on section 501.2105.
Accordingly, we affirm the final judgment and the award of attorney's fees; however we reverse the application of a contingency risk multiplier to the fee award.
ALTENBERND, A.C.J., and DAVIS, J., Concur.
NOTES
[1] There has been no allegation suggesting unethical conduct. The failure to reduce the fee agreement to writing appears to have been an oversight.