506 So.2d 1093 (1987)
Regina Tisiker MARGULIES, Appellant,
v.
Martin Z. MARGULIES, Appellee.
No. 85-2272.
District Court of Appeal of Florida, Third District.
May 5, 1987.
Sams, Ward & Newman, Cooper, Wolfe & Bolotin and Marc Cooper, Miami, for appellant.
Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel S. Perwin, Miami, for appellee.
Before BARKDULL, HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
Following an earlier opinion in this matter reported in Margulies v. Margulies, 491 So.2d 581 (Fla. 3d DCA 1986), the matter came on for hearing to determine the amount of fees that should be awarded, pursuant to section 61.16, Florida Statutes (1985), to counsel for the unsuccessful party (who in this instance happens to be the wife) in the earlier proceeding. The trial court, after receiving extensive evidence, determined the total amount of time expended by four counsel on behalf of the wife.[1] It then determined that a large portion of the time involved was unnecessarily spent because of the demands and actions of the client. The remaining hours it determined were reasonably spent on her behalf.
The court applied the "lodestar" approach as provided in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985) and then reduced this amount because the efforts of the respective *1094 attorneys had been unsuccessful and ultimately awarded a fee to all four of $72,473.44. This appeal ensued.
The appellant makes no objection to the reduction in the total amount of time spent because of her unreasonable demands and actions. She does contend that once the trial court determined the reasonable amount of time expended in representing her cause, it was required by law to award the full amount of such fee found to be reasonable with no diminution because of the unsuccessful result.[2] We disagree.
Before the "lodestar" approach was adopted by the Supreme Court of Florida, results were a factor in matrimonial fees. Provus v. Provus, 44 So.2d 656 (Fla. 1950); Adams v. Adams, 376 So.2d 1204 (Fla. 3d DCA 1979); Pfohl v. Pfohl, 345 So.2d 371 (Fla. 3d DCA 1977); Donner v. Donner, 281 So.2d 399 (Fla. 3d DCA 1973). The adoption of the "lodestar" criteria in Rowe, supra, reconfirmed that the results obtained is still to be considered as a factor in awarding fees. It is also a factor to be considered under the Florida Bar Code of Professional Responsibility, D.R. 2-106(B)(4).
Counsel for the appellant contends that as to domestic relation matters and fees awarded pursuant to section 61.16, Florida Statutes (1985), success should not be a factor, as the purpose of the statute is to entitle impecunious clients to have the best available counsel and to hold otherwise might "chill" the opportunity to obtain same. There is certainly some merit to appellant's argument. However, we think that the results obtained is still a factor in the award of attorney's fees even under section 61.16, Florida Statutes (1985). We recognize that any determination in the reasonable amount which should be awarded for service because of unsuccessful results would always be subject to review as an abuse of discretion, but as indicated in footnote two, no such attack is made in this proceeding. Therefore, for the reasons above stated, the order on fees be and the same is hereby affirmed.
Affirmed.[3]
NOTES
[1] Five counsel sought fees. The court found that the fifth merely duplicated some of the efforts of the other four.
[2] Counsel in all candor concedes that the argument is not based on any abuse of discretion in reducing the fee by some degree because of the unsuccessful result. That is a different question than that proposed in appellant's brief.
[3] By an additional point, the appellant also urges error in the failure of the trial court to require one of the opposing counsel to produce his time records. We find no merit in this point because of the ultimate ruling in this matter, and also we would sustain the trial court's ruling on the merits as being within its discretion. See and compare Stowe v. Walker Builders Supply, Inc., 431 So.2d 180 (Fla. 2d DCA 1983); Johnson v. University College of the University of Alabama in Birmingham, 706 F.2d 1205 (11th Cir.1983).