532 So.2d 1306 (1988)
FASHION TILE & MARBLE, INC., Appellant,
v.
ALPHA ONE CONSTRUCTION & ASSOCIATES, INC., Gerken & Company, Inc., and W.B. Johnson Properties, Inc., Appellees.
No. 88-636.
District Court of Appeal of Florida, Second District.
October 26, 1988.
*1307 Raymond L. Bass of Miller, Bass & Chernoff, Naples, for appellant.
James H. Siesky of Siesky and Lehman, P.A., Naples, for appellees.
SCHOONOVER, Judge.
The appellant, Fashion Tile & Marble, Inc., challenges an attorney's fee award it received pursuant to section 713.29, Florida Statutes (1985), as the prevailing party in a mechanic's lien action. We find that although the trial court had discretion to consider the "results obtained" by the appellant in determining a reasonable attorney's fee, it erred by limiting the fee to a percentage of the amount of damages recovered. We, accordingly, reverse and remand for the determination of an appropriate fee.
The appellant, a subcontractor, entered into an oral agreement with a joint venture, comprised of appellees Alpha One Construction & Associates, Inc. and Gerken & Company, Inc. (Alpha One), for the performance of certain work on the Ritz Carlton Hotel in Collier County, Florida. When the parties could not agree on the amount owed the appellant, the appellant recorded a mechanic's lien in the amount of $43,987.32. Alpha One then filed an action against the appellant alleging that the mechanic's lien was fraudulent. The appellant counterclaimed seeking to foreclose its lien. The counterclaim added additional parties and also alleged causes of action for fraud and quantum meruit.
After the close of all the evidence in the parties' jury trial, the trial court directed a verdict against Alpha One on its fraudulent lien claim and against the appellant on its fraud claim. The matter was submitted to the jury on the appellant's mechanic's lien and quantum merit claims. The jury returned a general verdict in favor of the appellant in the amount of $15,876.57.
The trial court then entered a judgment for the appellant and reserved jurisdiction to consider an attorney's fee award. After *1308 an evidentiary hearing, the trial court entered a supplemental judgment which, in pertinent part, provided:
THE COURT FINDS that the number of hours reasonable [sic] expended by counter-plaintiff's attorney on the litigation is 126 hours. The court further finds the reasonable hourly rate for said attorney in this case is $125.00 per hour.
COUNTER-PLAINTIFF sought recovery of $43,987.32 on its claim of lien. The jury entered a verdict for counter-plaintiff in the amount of $15,876.57. Based upon the results obtained, the court finds that a reasonable attorney's fee for counter-plaintiff shall be set at $7,500.00.
At the conclusion of a hearing on the appellant's subsequent motion for rehearing, the trial court denied the motion and stated that it was awarding fifty per cent of the amount recovered and that the amount of attorney's fees requested was "more than what the case was worth." This timely appeal followed.
We agree with the appellant's contention that it was entitled to a reasonable attorney's fee as the prevailing party in a mechanic's lien action and that the trial court erred in determining the amount of that fee. In Florida Patients Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), our supreme court adopted the federal lodestar approach for computing reasonable attorney's fees. This approach requires the trial court to determine a "lodestar figure" by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the services of the prevailing party's attorney. Thereafter, the trial court may add to or subtract from that figure based upon a "contingency risk factor" and the "results obtained."
In this case, we find ample evidence in the record to support the trial court's determination of the number of hours reasonably expended by the appellant's attorney on the litigation and the reasonable hourly rate for those services. The trial court was, therefore, presented with sufficient evidence to support a determination of a $15,750 lodestar. Since the appellant did not employ his attorney on a contingency fee basis, the trial court also properly declined to adjust the lodestar based upon the contingency risk factor. The record, however, does not support a fifty per cent reduction on the basis of the "results obtained." We, therefore, find that the trial court abused its discretion by reducing the lodestar.
To the extent that the trial court's ruling reducing the lodestar can be interpreted as an attempt to reduce the attorney's fee award because the appellant did not prevail on all of its claims, the trial court failed to make the necessary findings to allow appellate review. The results obtained factor may provide an independent basis for reducing the lodestar when a party prevails on a claim or claims for relief but is unsuccessful on other unrelated claims. Rowe. When a party prevails on only a portion of the claims made in the litigation, the trial court is required to evaluate the relationship between the amount of the fee awarded and the extent of success. Rowe. The trial court cannot, however, reduce the fee based on a simple ratio of successful issues to issues raised. The focus should be on the significance of the overall results. Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Norman v. Housing Authority, 836 F.2d 1292 (11th Cir.1988). See also, Cobb v. Miller, 818 F.2d 1227 (5th Cir.1987).
Although sub judice the appellant's expert witness testified that six hours of attorney time was spent on the appellant's unsuccessful claims, the trial court was not bound by this evidence. In addition, the trial court did not indicate that the relationship between the successful and unsuccessful claims had been evaluated, or that the investigation and prosecution of the successful claims could be separated from the unsuccessful claims. Since the trial court's order does not reflect these requisite findings, we are unable to affirm the lodestar reduction based upon the existence of unsuccessful claims. Thus, at subsequent proceedings, if the trial court once again *1309 adjusts the lodestar based upon results obtained, it should consider the relationship of all of the appellant's claims and indicate in its order that the unsuccessful claims can be separated from the successful ones. If the claims can be separated in this manner, the trial court may attempt to identify specific hours spent in unsuccessful and unrelated claims, or simply reduce the award by some proportion based upon the unsuccessful and unrelated claims. Norman.
To the extent that the trial court's ruling can be interpreted as an attempt to reduce the lodestar on the basis of results obtained because the appellant did not recover the amount claimed and because the lodestar exceeded the jury verdict, it was also erroneous. In determining whether the lodestar should be adjusted, the trial court does have discretion, in addition to considering successful and unsuccessful claims as discussed above, to consider an "exceptional result" as well as an unsuccessful result. See, e.g., Hensley; The Glades, Inc. v. The Glades Country Club Apartments Ass'n, Inc., 534 So.2d 723 (Fla.2d DCA 1988); Margulies v. Margulies, 506 So.2d 1093 (Fla.3d DCA 1987). In addition, the trial court may consider the result obtained by the verdict in terms of the potential damages available. See Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 540 F.2d 102 (3d Cir.1976). It is also clear, however, that the amount of attorney's fees may exceed the amount of damages recovered. See, e.g., State Farm Fire & Casualty Co. v. Palma, 524 So.2d 1035 (Fla. 4th DCA 1988). A prevailing party should not be punished merely for failing to recover the entire amount which was claimed in good faith to be due. Thus, although the trial court in this case had discretion to consider the amount recovered with the amount claimed, Lindy Bros., it was an abuse of this discretion to limit the attorney's fee award to a percentage of that amount. See, e.g., Marchion Terrazzo, Inc. v. Altman, 372 So.2d 512 (Fla. 3d DCA 1979).
We, accordingly, reverse the trial court's supplemental judgment awarding attorney's fees and remand for further proceedings. If, upon remand, the trial court reduces the lodestar, the reduction should be supported by proper reasons. Rowe.
Reversed and remanded with instructions.
CAMPBELL, C.J., and RYDER, J., concur.