552 So.2d 240 (1989)
Margaretta C. BEISSWENGER and Loreen J. Beisswenger, Appellants/Cross Appellees,
v.
OMICRON CONSTRUCTION & DEVELOPMENT CO., INC., Appellee/Cross Appellant, and
Ray Gonzalez, Individually, Appellee.
No. 88-2346.
District Court of Appeal of Florida, Fourth District.
November 1, 1989.
Rehearing Denied December 6, 1989.
*241 Robert W. Murphy of Farish, Farish & Romani, West Palm Beach, for appellants/cross appellees.
Paul Thibadeau, Palm Beach, for appellee/cross appellant.
PER CURIAM.
This appeal and cross appeal both contest the trial court's following award of attorneys' fees.
3. The Court finds that the amount of 159.75 hours that was testified as having been expended by the attorneys for the Counter-Plaintiff was reasonable, and the rates of $125 for 106.25 of those hours and $175 for 53.5 of those hours was reasonable. The Court further finds that since this is not a contingent fee agreement that no enhancement factor is appropriate. Having arrived at such "lodestar" the Court finds that a reduction in such fee is appropriate as allowed by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). Therefore, the lodestar figure of $22,993.75 is reduced by $6,500 and the sum of $16,493.75 is awarded as attorneys fees to the Counter-Plaintiff. Additionally, the sum of $1,560.78 is allowed as costs.
Pursuant to Fashion Tile and Marble, Inc. v. Alpha One Construction Associates, Inc., 532 So.2d 1306 (Fla. 2d DCA 1988), Rowe requires specific reasons for a reduction of the lodestar amount; and the trial court has only partially complied with Rowe. Accordingly, we reverse and remand with direction that the trial court enter specific reasons to support the $6,500 reduction, or establish an award that complies with Rowe.
GLICKSTEIN, WALDEN and GUNTHER, JJ., concur.