580 So.2d 830 (1991)
CITY OF ORLANDO, et al., Appellants,
v.
KENSINGTON, LTD, Appellee.
No. 90-1503.
District Court of Appeal of Florida, Fifth District.
May 23, 1991.
Rehearing Denied June 24, 1991.
*831 Christopher C. Skambis of Foley & Lardner, van den Berg, Gay, Burke, Wilson & Arkin, Orlando, for appellants.
David W. Foerster, Jacksonville, and John F. Tannian and David B. King of King & Blackwell, Orlando, for appellee.
HARRIS, Judge.
The City of Orlando and the Greater Orlando Aviation Authority sued Kensington, Ltd. to condemn certain real property for the expansion of the Orlando International Airport. Kensington employed attorneys to represent it on a contract basis for "5% of the offer plus 25% of the recovery."
The initial offer was $690,000 and the settlement figure (without trial) was $815,000 together with accrued interest resulting in a contract fee of $69,267.60. This fee was paid by Kensington out of the settlement figure.
At the subsequent hearing for an award of attorney fees pursuant to section 73.092, Florida Statutes (1989), the trial court, aware that it could not approve a fee based solely on a percentage of the award, heard testimony that it might have taken nonexpert attorneys up to 400 hours to achieve the settlement result at a fee of $250 per hour for senior-attorneys, $100 per hour for associates and $50 per hour for paralegals. However, the attorneys in the case at bar spent less than 100 hours in arriving at the settlement so that the fee awarded (the same as the pure percentage fee) represented in excess of $700 per hour.
Appellee seeks to justify this award on the basis that the fee contract, although admittedly extremely generous under the facts of this case, was nevertheless reasonable at the time it was entered into and that unless the property owner recovers this amount (since it has paid it) it will in effect be denied full value for its property. But this misconstrues the purpose of section 73.092 in determining attorneys fees.
The property owner is to receive a reasonable fee determined after the litigation is completed. This is evident from the statutory elements to be considered by the court in determining an appropriate attorney's fee. There is no authority for the proposition that the property owner  by his contract  can establish (except to limit) the fee to be awarded by the court. If in fact the contract fee becomes unreasonable because of subsequent events (such as an early settlement) then the problem, at least *832 initially, is between the attorney and the client.
The award approved by the trial court is not justified by this record. Further, the trial court failed to follow the requirements of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985) made applicable to eminent domain cases by In re Estate of Lester Platt, 16 F.L.W. 237 (Fla. Apr. 4, 1991) in that it failed to first determine the number of hours reasonably expended and also failed to determine a reasonable hourly rate for the attorney. While the actual hours spent by the attorneys and their contractual hourly rate may limit the award,[1] the court may not use such time and rate if they exceed the determined reasonable time or hourly rate in order to increase the fee to be paid by a third party. If the court cannot award more than a reasonable fee based on a contractual hourly rate, certainly it cannot do so on the basis of a contractual lump sum amount or, as in this case, a percentage fee.
REVERSED and REMANDED for assessment of fees pursuant to Rowe and Platt.
COBB and PETERSON, JJ., concur.
NOTES
[1] Orlando Regional Medical Center, Inc. v. Chmielewski, 573 So.2d 876 (Fla. 5th DCA 1990).