582 So.2d 104 (1991)
LEE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Stella TOHARI, Appellee.
No. 90-02955.
District Court of Appeal of Florida, Second District.
June 28, 1991.
James G. Yeager, Lee County Atty., and John J. Renner, Asst. County Atty., Fort Myers, for appellant.
Michael C. Tice, Blair & Tice, P.A., Fort Myers, for appellee.
ALTENBERND, Judge.
Lee County appeals an order awarding attorney's fees against it in this eminent domain action. We reverse the award and remand for a new hearing because the order does not set forth all of the specific findings required by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), modified, Standard Guarantee Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990).
On remand, three matters warrant special attention. First, "in no case should the court-awarded fee exceed the fee *105 agreement reached by the attorney and his client." Rowe, 472 So.2d at 1151; Perez-Borroto v. Brea, 544 So.2d 1022 (Fla. 1989); Miami Children's Hosp. v. Tamayo, 529 So.2d 667 (Fla. 1988). Based on the record on appeal, it appears that this cap may have been violated by the trial court's award. The record contains a statement from the law firm of Stewart & Keyes, P.A., indicating total outstanding fees of $16,850. This amount was based on hourly rates of $175 and $150. Because the required findings are ambiguous, we cannot determine the amount actually awarded for these services. It appears likely, however, that the trial court accepted the hours recorded in the document but assessed the lodestar fee at $250 per hour rather than the rates contained within the statement. If the statement is not simply a computer-generated mistake but actually reflects the fee agreement between the attorneys and the client, then the fee award cannot exceed the agreement.
Second, it is well established that an order awarding fees must expressly determine the number of hours reasonably expended on the litigation and the reasonable hourly rate for the type of litigation involved. Abdalla v. Southwind, Inc., 561 So.2d 468 (Fla. 2d DCA 1990); Baskin v. Guardianship of Baskin, 535 So.2d 306 (Fla. 2d DCA 1988), review denied, 544 So.2d 199 (Fla. 1989). These two factors are then multiplied to determine the basic lodestar fee. Rowe. Contrary to the landowner's contention, this requirement applies to a fee awarded in an eminent domain proceeding. Quanstrom; City of Orlando v. Kensington, 580 So.2d 830 (Fla. 5th DCA 1991); see generally In re Platt, 16 F.L.W. S237, S240 (Fla. April 4, 1991). In this case, the order does not fully accomplish this task.
Finally, the trial court's order awarded $25,000 for "the benefit obtained." The benefit resulting to a client is an important factor in determining an appropriate attorney's fee in an eminent domain proceeding. § 73.092, Fla. Stat. (1989). The County argues that this factor should be considered only in the calculation of the lodestar fee and not as a final adjustment of that fee. We disagree.
In Quanstrom and Rowe, the supreme court recognized that the lodestar fee can be adjusted upward or downward for both a contingency risk factor and a "results obtained" factor. Quanstrom, 555 So.2d at 831; Rowe, 472 So.2d at 1151. Much of the case law in this area has focused on issues relating to the contingency risk factor. It is clear that the contingency risk factor operates as a multiplier to the lodestar. The results obtained factor, however, is not based on a contingency and there is no reason for this factor to act as a multiplier. Instead, it seems clear that the trial court is authorized to increase or decrease the lodestar fee by a specific dollar amount to reflect the attorney's unusual success or failure in the case. Glades, Inc. v. Glades Country Club Apartments Ass'n, 534 So.2d 723 (Fla. 2d DCA 1988), review dismissed, 571 So.2d 1308 (Fla. 1991); Fashion Tile & Marble, Inc. v. Alpha One Const. & Assocs., Inc., 532 So.2d 1306 (Fla. 2d DCA 1988).
In the exceptional case in which an adjustment of the lodestar fee is authorized based on the result obtained, the trial court is required to make express findings to justify its decision. Fashion Tile; Beisswenger v. Omicron Constr. & Dev. Co., 552 So.2d 240 (Fla. 4th DCA 1989). For purposes of appellate review, the trial court "should indicate that it has considered the relationship between the amount of the fee awarded and the extent of success." Rowe, 472 So.2d at 1151. In this case, the order does not contain any findings to support the conclusion that a result fee of $25,000, over and above the lodestar fee, is appropriate.[1]
Reversed and remanded.
CAMPBELL, A.C.J., and FRANK, J., concur.
NOTES
[1] We grant the defendant's motion for attorney's fees on appeal, even though the only issue on appeal concerns the defective award of attorney's fees in the trial court. Section 73.131(2), Florida Statutes (1989), appears to mandate this result. Division of Admin., State Dep't of Transp. v. Decker, 408 So.2d 1056 (Fla. 2d DCA 1981). See also Denmark v. State Dep't of Transp., 389 So.2d 201 (Fla. 1980). In setting the amount of the fee, however, it may be appropriate for the trial court to consider that the result obtained was not favorable and did not benefit the defendant.