COBB, Judge.
Ferran Engineering Group, Inc. appeals an attorney’s fee award on the basis that the trial court did not make specific findings in regard to hours expended and hourly rate as required by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). The trial court based its award solely on a percentage of the recovery.
This court has held that a trial court must follow Rowe, which requires “specific” findings. Travelers Indem. Co. v. Duffy’s Little Tavern, Inc., 541 So.2d 689 (Fla. 5th DCA 1989). In addition, even though a trial court has discretion to consider the amount recovered in conjunction with the amount claimed for an attorney’s fee, it is normally an abuse of discretion to abandon the lodestar methodology and limit that fee to a percentage of the amount recovered as damages. Beisswenger v. Omicron Construction & Development Co., Inc., 552 So.2d 240 (Fla. 4th DCA 1989); Fashion Tile & Marble, Inc. v. Alpha One Const. & Associates, Inc., 532 So.2d 1306, 1309 (Fla. 2d DCA 1988); Marchion Terrazzo, Inc. v. Altman, 372 So.2d 512 (Fla. 3d DCA 1979).
Accordingly, the post-judgment order awarding an attorneys fee is reversed and the matter remanded to the trial court for a redetermination of that fee based on an application of Rowe.
REVERSED AND REMANDED.
HARRIS and DIAMANTIS, JJ., concur.