VAN NORTWICK, J.
The State of Florida Department of Transportation (DOT) seeks review of a judgment which awarded appellee Skinners Wholesale Nursery, Inc., $98,000 in appellate attorney’s fees. The DOT argues that the amount of awarded fees is excessive and includes an enhancement for a contingency “risk factor” not authorized in eminent domain actions. Although we recognize that under appropriate circumstances an appellate attorney’s fee in an eminent domain action may be enhanced as a result of exceptional quality of service and success, because the fees awarded here were enhanced by an unauthorized contingency risk factor, we reverse and remand for further proceedings.

Factual and Procedural Background

On December 27, 1994, DOT initiated chapter 74 “quick take” proceedings, acquiring approximately 43 acres of Skinners’ land for construction of a segment of State Road 9A, a limited access highway in Jacksonville, Florida. The taking resulted in the bisecting of Skinners’ integrated and unified nursery operation into two separate fields. The parties settled the issues of compensation for land value and severance damages, leaving the issue of business damages to be tried by a jury. Ultimately, the jury awarded $2,950,000 in damages to Skinners for the taking. DOT appealed the final judgment entered pursuant to the jury verdict raising five issues. This court affirmed without opinion. State, Dep’t of Transp. v. Skinners Whole Sale Nursery, Inc., 692 So.2d 188 (Fla. 1st DCA 1997) (table). We also granted the nursery’s motion for an award of appellate attorney’s fees and remanded the cause to the trial court for a determination of the amount. In the meantime, the trial court entered a partial final judgment awarding $660,000 in attorney’s fees to the counsel for Skinners for the trial court proceedings.
On remand, in support of its motion for appellate attorney’s fees, Skinners submitted affidavits from two attorneys experienced in handling eminent domain cases in the Jacksonville area. One deponent explained that appellate attorney’s fees in eminent domain actions
... must be distinguished from any award for fees at the trial court level by reason of the fact that an attorney for a business-owner (Appellee) has the responsibility of preserving before the Appellate Court a favorable Final Judgment entered by the trial court. The “risk factor,” thus, becomes a major consideration in determination of a reasonable fee for successfully defending such an appeal.
He then stated that his review of the record in the appellate proceeding revealed the following:
(1) The appellate issues raised by the Department of Transportation were novel, especially the issue relating to the “offset” of land value against any business damage, as were [sic] no specific described precedent to give guidelines to the parties involved.
(2) The attorney for the business-owner, using experience and skill, was able to weave together a cogent, logical and legally supportable defense to the issues raised, resulting in the preservation of an extremely favorable business damage award.
(3) The amount of money totally at risk in the appeal was substantial, particularly when the evidence of business damages produced by the Department of Transportation was $130,000 and the Final Judgment was in the amount of $2,950,000.
(4) The “risk factor” alone created a situation analogous to a “contingent” case which is one when “payment depends on winning and collecting.”
(5) Counsel for the business-owner (Ap-pellee), thus, had a substantial responsi *5 bility which was favorably resolved to the benefit of the business-owner.
Based on these factors, he opined that a reasonable appellate fee for Skinners’ counsel would be $147,500, “computed on the basis of five (5%) percent of the amount of the Final Judgment which was affirmed by the Appellate Court.”
The second affidavit[1] made similar observations concerning the complexity of the issues raised on appeal, the high quality of the representation, and the $2,950,-000 damage award placed “in jeopardy” by the DOT’S appeal. In addition, this deponent explained that
[i]t is standard practice that attorneys, in successfully defending a favorable judgment on appeal, charge not only a time and rate “lodestar,” but also a percentage of the judgment which is affirmed.
He opined that a reasonable appellate fee for the services rendered by Skinners’ counsel would be $98,937.50, computed as follows:
Lodestar: 100.75 hours @ $250/hr. $25,187.50
Results obtained factor: 2.5% x $2,950,000 $73,750.00
TOTAL $98,937.50
In its judgment, the trial court assessed appellate attorney’s fees in the amount of $98,000. These fees were computed based on a lodestar in the amount of $25,187.50, calculated by multiplying 100.75 hours by an hourly rate of $250 per hour. The trial court then applied what it described as a “results obtained” enhancement in an amount equal to 2.5% of $2,950,000, the amount of the business damages awarded at trial, or $73,750; and rounded the awarded fee to $98,000. The trial court made the following findings in support of the awarded fee:
A.The Appellant-Petitioner raised five (5) issues on appeal made unique by the fact that, within the knowledge of the Court, none had been directly addressed by other appellate courts; thus, the appeal was a case of first impression. Also, the case, based on the transcript of the record on appeal, and appellate briefs was legally and procedurally complicated.
B. The answer brief submitted by counsel for the Appellee-Defendant was well written and logically supported the Appellee-Defendant’s position which is demonstrated, in part, by the per curiam decision of the Appellate Court, affirming the Final Judgment entered by the Trial Court.
C. The subject appeal placed in jeopardy a favorable business damage award in the amount of $2,950,000. In protecting said judgment on appeal, counsel for the Appellee-Defendant had a substantial responsibility which was totally fulfilled.
D. The responsibility incurred and fulfilled by appellate counsel for the Ap-pellee-Defendant was substantial in sustaining a jury verdict on business damages in the amount of $2,950,000, particularly when the evidence adduced by the Appellant-Petitioner was $130,-000 on said issue. The “risk factor” on appeal was, therefore, substantial.
E. The time expended by counsel for the Appellee-Defendant was extremely reasonable and reflected the experience and expertise of counsel in eminent domain litigation. Other attorneys, not as well versed in the field, might reasonably be expected to expend far more time in defending the appeal. The Court has given consideration to the fees the Appellee-Defendant would ordinarily be expected to pay for similar services and results if the Appellant-Petitioner was not responsible for the payment of those fees, all of which is supported by evidence before the Court and of which this Court is able to take judicial notice.
*6 F. It is standard practice that attorneys, in successfully defending a favorable judgment on appeal, charge not only a time and rate “lodestar,” but also a percentage of the judgment which is affirmed. This is also. supported by Rule 4-1.5(C) which provides that “All factors set forth in this rule should be considered, and may be applied, in justification of a fee higher or lower than that which would result from application of only the time and rate factors.”
Pursuant to rule 9.400(c), Florida Rules of Appellate Procedure, the DOT filed in this court a motion for review of the award of appellate attorney’s fees. See Pellar v. Granger Asphalt Paving, Inc., 687 So.2d 282, 284-85 (Fla. 1st DCA 1997). In its motion, the DOT makes clear that it has no dispute with the reasonableness of the number of hours or hourly rate used by the trial court in computing the lodestar. Compare Brevard County v. Canaveral Properties, Inc., 696 So.2d 1244, 1245 (Fla. 5th DCA 1997) (appellate attorney’s fees “bloated because of excessive time spent, or unnecessary services rendered, or duplicate tasks performed by multiple attorneys does not meet [the] criterion of reasonableness.”). DOT contends that the appellate attorney’s fee awarded should be reversed because, at an effective hourly rate of $972.70 per hour, it was “clearly excessive” and because the risk factor enhancement used by the trial court is unauthorized by law in eminent domain actions.
We review a judgment or order setting appellate attorney’s fees under the abuse of discretion standard. Pellar v. Granger Asphalt Paving, Inc., 687 So.2d at 284. “As with other discretionary decisions, we must affirm the order of the trial court if reasonable people could differ as to the propriety of the action taken.” Id. at 284-85; see Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).

Statutory Fee Structure

The payment of a defendant’s attorney’s fees in eminent domain actions is governed by statute. See §§ 73.092, Fla.Stat. (Supp. 1994), and 73.131(2), Fla.Stat. (1993). Section 73.092(1) provides that generally an award of attorney’s fees for representation at trial in eminent domain proceedings must be “based solely on the benefits achieved.” The award is computed by figuring a certain percentage of the “benefits” obtained per the method provided for in subparagraph (l)(a) of the statute. The trial court applied this statute in awarding the attorney’s fees of $660,000 for the trial court proceedings in the instant action.
Section 73.092(2) provides that in assessing attorney’s fees incurred in defeating an order of taking, or for apportionment, or other supplemental proceedings, when not otherwise provided for, the court shall consider the novelty or difficulty of the questions involved, the skill of the attorney, the amount of money involved, the responsibility incurred and fulfilled by the attorney, the attorney’s time and labor, the rate of fees customarily charged in the area and any attorney’s fee award made under section 73.092(1).[2] These factors, in effect, mandate a lodestar analysis. See State Dep’t of Transp. v. LaBelle Phoenix Corp., 696 So.2d 947, 948 (Fla. 2d DCA 1997).
Appellate attorney’s fees are paid separately from the fees paid for services rendered at trial and are governed by section 73.131(2), Florida Statutes (1993). Under this statute the party exercising the *7 power of eminent domain “shall pay all reasonable costs of the proceedings in the appellate court, including a reasonable attorney’s fee, except upon an appeal taken by a defendant in which the judgment of the lower court shall be affirmed § 73.181(2), Fla.Stat. (1993). Thus, in a case in which the condemning authorities takes the appeal, the property owner’s appellate attorney fees will be paid by the condemning authority regardless of the outcome of the appeal. The Legislature, however, has not defined or provided criteria for the court’s consideration in determining such a “reasonable” fee award. We agree with the trial court that the lodestar approach should be used in establishing the amount of the reasonable appellate fees.

The Lodestar Approach in Eminent Domain Actions

The lodestar approach to setting attorney’s fees was first adopted by the federal courts as a basis for determining fee awards under federal fee-shifting statutes, statutes that entitle parties, typically plaintiffs, who prevail in certain lawsuits to claim fee awards. See Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). In Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla.1985), the Florida Supreme Court adopted the lodestar approach, explaining that “the federal lodestar approach ... provides a suitable foundation for an objective structure” for setting a reasonable attorney’s fee and “[i]n determining reasonable attorney fees, courts of this state should utilize the criteria set forth” in what was then Disciplinary Rule 2-106(b) of The Florida Bar Code of Professional Responsibility, (now rule 4-1.5(b), Rules Regulating the Florida Bar).
In Rowe, the court further explained the manner of setting fees under the lodestar approach, as follows:
The first step in the lodestar process requires the court to determine the number of hours reasonably expended on the litigation.
[[Image here]]
The second half of the equation, which encompasses many aspects of the representation, requires the court to determine a reasonable hourly rate for the services of the prevailing party’s attorney. In establishing this hourly rate, the court should assume the fee will be paid irrespective of the result, and take into account all of the Disciplinary Rule 2-106 factors except the “time and labor required,” the “novelty and difficulty of the question involved,” the “results obtained,” and “[w]hether the fee is fixed or contingent.”
[[Image here]]
The number of hours reasonably expended, determined in the first step, multiplied by a reasonable hourly rate, determined in the second step, produces the lodestar, which is an objective basis for the award of attorney fees. Once the court arrives at the lodestar figure, it may add or subtract from the fee based upon a “contingency risk” factor and the “results obtained.”
Id. at 1150-51 (citations omitted).
In Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990), the court recognized that under the decision of the United States Supreme Court in Pennsylvania v. Delaware Valley Citizens’ Council for Clean Air, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987), “the use of the multiplier [to enhance a lodestar fee] has been substantially restricted, if not eliminated.” Quanstrom, 555 So.2d at 832. Describing the contingency fee enhancement as primarily addressing the risk of nonpayment of a fee to the counsel for a plaintiff, id. at 833, the Quanstrom court modified the Rowe approach for applying a contingency or risk enhancement to a lodestar fee. Under the approach adopted in Quanstrom, Florida courts are to apply fee enhancements based upon the type of case *8 involved. Id. at 882 and 833. In this context, the Quanstrom court described the use of contingency multiplier in eminent domain cases, as follows:
[I]n eminent domain cases, the purpose of the award of attorney’s fees is to assure that the property owner is made whole when the condemning authority takes the owner’s property. In these cases, the attorney is assured of a fee when the action commences.... Under ordinary circumstances, a contingency fee multiplier is not justified in this category, although the basic lodestar method of computing a reasonable attorney’s fee may be an appropriate starting point.
Id. at 835 (citation and footnotes omitted). Thus, under the rationale of Quanstrom, even though the Legislature has not specifically established criteria for determining a reasonable appellate attorney’s fee in an eminent domain action under section 73.131(2), the use of a contingency or risk factor multiplier is not authorized in setting appellate fees.
Here, Skinners argues that the trial court did not apply a “risk factor” enhancement, but enhanced the lodestar fee using a “results obtained” factor consistent with subparagraph (4) of rule 4-1.5(b), Rules Regulating The Florida Bar. We recognize that the trial court described the enhancement as a “results obtained factor .” In addition, we agree that, in the appropriate case, enhancement of a lodestar fee by a “results obtained” factor may be appropriate under section 73.131(2) and rule 4-1.5(b)(4). The Quanstrom court emphasized
that the principles to be utilized in computing these fees must be flexible to enable the courts to consider rare and extraordinary cases with truly special circumstances.
Quanstrom, 555 So.2d at 835 (citation omitted). Similarly, the United States Supreme Court has explained that a party
may justify an upward adjustment only in the rare case where the fee applicant offers specific evidence to show that the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates charged and that the success was “exceptional.”
Blum v. Stenson, 465 U.S. at 899, 104 S.Ct. at 1549.
In the instant case, however, both the judgment under review and the affidavits submitted by Skinners are based in material part on a “risk factor” which essentially makes the amount of the fee proportionate to the amount of the recovery. One deponent candidly states that this “risk factor” is analogous to a contingent fee action when “payment depends on winning and collecting.” In addition, the trial court computed the enhancement as a percentage of the total business damages awarded by the jury, clearly a contingency fee type computation. See Lee County v. Tohari, 582 So.2d 104, 105 (Fla. 2d DCA 1991). As the Court explained in Quan-strom, however, the risk which creates the contingency is the risk of nonpayment of the attorney’s fees. Quanstrom, 555 So.2d at 833. In the present case, there is no risk of nonpayment of Skinners’ appellate attorney’s fees. See Quanstrom, 555 So.2d at 835; § 73.131(2), Fla.Stat. (1993).
Further, even if the enhancement is viewed as a “results obtained” adjustment to the lodestar, certain of the factors that were submitted below and considered as support for the enhancement are typically reflected in the lodestar itself. For example, the novelty and complexity of the case is normally reflected, at least in part, in the number of billable hours reasonably expended in the case. Rowe, 472 So.2d at 1150. Similarly, the experience and special skill of counsel should be generally reflected in the hourly rates. Blum v. Stenson, 465 U.S. at 898, 104 S.Ct. at 1549.
In summary, we do not find the appellate fees awarded below to be per se excessive. Because the enhancement to these appellate fees was based on a contingency risk factor which is inappropriate to apply in this eminent domain case, however, we *9 conclude that the trial court abused its discretion and we reverse. On remand, in setting the amount of appellate- fees, the trial court has the discretion to consider whether a results obtained enhancement would be appropriate for the legal services rendered on appeal. See rule 4-1.5(b) and (c), Rules Regulating the Florida Bar. Additional evidence may be submitted by either party. In those fee proceedings, in the event .the trial court concludes that a results obtained enhancement is authorized, the trial court should give consideration to Judge Altenbernd’s guidance in Lee County:
It is clear that the contingency risk factor operates as a multiplier to the lodestar. The results obtained factor, however, is not based on a contingency and there is no reason for this factor to act as a multiplier. Instead, it seems clear that the trial court is authorized to increase or decrease the lodestar fee by a specific dollar amount to reflect the attorney’s unusual success or failure in the case.
In the exceptional case in which an adjustment of the lodestar fee is authorized based on the result obtained, the trial court is required to make express findings to justify its decision. For purposes of appellate review, the trial court “should indicate that it has considered the relationship between the amount of the fee awarded and the extent of success.” Rowe, 472 So.2d at 1151.
Lee County, 582 So.2d at 105 (citations omitted).
REVERSED and REMANDED.
BOOTH and WOLF, JJ., concur.

. Based upon the limited appendix filed as a part of this appellate proceeding, it does not appear that the DOT submitted any evidence in opposition to the affidavits supporting an enhanced appellate attorney’s fee for Skinners counsel.

. Prior to the statutory change effective October 1, 1994, section 73.092 governing the award of fees required the court to give the greatest weight to the benefits achieved and to give secondary consideration to certain mandated statutory factors. Neither the contingent nature of the fee arrangement nor the risk of nonpayment of fees was an authorized consideration. Schick v. Department of Agric. & Consumer Servs., 599 So.2d 641, 643 (Fla.1992). The factors of sec. 73.092(2), Fla.Stat. (1993), were retained in the 1994 version of the statute for determining a reasonable fee for apportionment or supplemental proceedings or when the order of taking is defeated. See § 73.092(2), Fla.Stat. (1994 Supp.).