SHARP, W., J.,
concurring specially.
I agree with the majority opinion, which reverses the attorney fee awarded by the trial court pursuant to section 57.105. The trial court failed to state the basis for its award and failed to make findings to support its award for the services provided by counsel. The statute does not leave this to the court’s gut feeling about what an appropriate sanction would be in a particular case for presenting a claim or defense which was not supported by the material facts necessary to establish it, or which would not be supported by the application of then-existing law to the material facts. § 57-105(1), Fla.Stat.
The statute expressly authorizes a “reasonable attorney’s fee.” That in turn requires findings by the court making the award, as to reasonable hours expended and reasonable rates charged for the required services. And, I submit, the findings must be based on more than the court’s own ideas of reasonableness. In like contexts, there must be a basis in the record to support the court’s findings. See, e.g., Florida Silica Sand Co., Inc. v. Parker, 118 So.2d 2 (Fla.1960) (no evidence of any kind to furnish basis for attorney fee award); Smith v. U.S. Sugar Corp., 624 So.2d 315 (Fla. 1st DCA 1993) (JCC went beyond record in determining reasonable hourly rate); Fashion Tile & Marble, Inc. v. Alpha One Construction & Associates, Inc., 532 So.2d 1306 (Fla. 2d DCA 1988) (reduction of lodestar figure not supported by record).