[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-11413

Non-Argument Calendar

_____

CIRCUITRONIX, LLC,

Plaintiff-Appellant,

*versus*

SHENZEN KINWONG ELECTRONIC CO., LTD.,
KINWONG ELECTRONIC HONG KONG CO., LTD.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:17-cv-22462-UU

_____

Before WILLIAM PRYOR, Chief Judge, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Circuitronix, LLC, won a judgment in its favor, which we affirmed, *Circuitronix v. Kinwong Elec. (Hong Kong) Co., Ltd.*, 993 F.3d 1299 (11th Cir. 2021), and now appeals the reduction in its request for attorneys' fees. The district court reduced the fee award to account for the limited success Circuitronix achieved. We affirm.

Circuitronix contracted with Shenzhen Kinwong Electronic Company, Ltd., for exclusive rights to sell its printed circuit boards to certain electronic manufacturing companies. Five years later, the two businesses entered into a settlement agreement that added to their original contract a covenant not to circumvent the exclusivity arrangement, a liquidated-damages clause, and a provision entitling "the prevailing party . . . in any dispute" the right to recover "its attorneys' fees and costs." Kinwong violated the contract.

Circuitronix complained of breach of contract, breach of fiduciary duty, fraud, civil conspiracy, racketeering, and a violation of the Florida Deceptive and Unfair Trade Practices Act. The district court dismissed the claims of fraud, civil conspiracy, and racketeering with prejudice and the claims of breach of contract, breach

of fiduciary duty, and violation of the Florida Deceptive Practices Act without prejudice.

Circuitronix filed a second amended complaint for breach of contract and unjust enrichment. It later moved to amend the complaint to add a claim of breach of fiduciary duty, but the district court denied the motion as untimely. Later, the district court dismissed the complaint of unjust enrichment. And before trial, the district court ruled that the liquidated-damages clause was unenforceable and that Circuitronix was barred from seeking lost-profit damages.

After a nine-day trial, a jury returned a verdict in favor of Circuitronix. The jury awarded Circuitronix $1,006,832 in compensatory damages. Circuitronix filed a motion for $2,600,623.90 in attorneys' fees, which Kinwong opposed.

A magistrate judge recommended to grant in part and deny in part the proposed attorneys' fees. The magistrate judge cut the fee amount Circuitronix sought by twenty percent based on excessive billing. And then the magistrate judge reduced the lodestar amount of $2,080,499.10 by fifty percent. See Hensley v. Eckerhart, 461 U.S. 424, 430 (1983); Fla. Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985). The magistrate judge based the reduction on the "lack of success [by Circuitronix] for recovering slightly over one million dollars, when [it] opined that the original . . . [case was] worth millions of dollars" and the "significant amount of the work done by [its] attorneys . . . [traceable to] the claims which were eliminated earlier in this case and not considered at trial."

The district court accepted the magistrate judge's recommendation and awarded Circuitronix $1,040,249.50 in attorneys' fees. The district court stated that the company did not contest the lodestar amount and addressed its objections to "the absence of 'rare circumstances' justifying a lodestar reduction and . . . [refusal] to give full effect to the parties' contract entitling the prevailing party to its fees and costs." The district court faulted Circuitronix for "misconceiv[ing] from the outset . . . [it had] a RICO and theft of trade secrets case worth in excess of $100 million when it was, at best, a somewhat difficult breach of contract case that . . . yielded a jury verdict of about $1 million" and for "contriv[ing] and [pursuing] legal theories that ultimately failed . . . after wasteful, unnecessarily protracted and expensive motion practice and other litigation."

We review an award of attorneys' fees for abuse of discretion. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017). "An abuse of discretion occurs [only] when a district court commits a clear error of judgment, fails to follow the proper legal standard or process for making a determination, or relies on clearly erroneous findings of fact." *Id.* The abuse of discretion "standard necessarily implies a range of choices, and we will affirm even if we would have decided the other way if it had been our choice." *Id.*

The district court did not abuse its discretion. Under the "federal lodestar approach" adopted by the Florida Supreme Court, Circuitronix was entitled to recover *reasonable* attorneys' fees

20-11413                    Opinion of the Court                    5

based on the overall outcome of the case. *See Rowe*, 472 So. 2d at 1150; *Fashion Tile & Marble, Inc. v. Alpha One Constr. & Assoc., Inc.*, 532 So. 2d 1306, 1308 (Fla. Dist. Ct. App. 1988). "When a party prevails on only a portion of the claims made in the litigation, the trial court is required to evaluate the relationship between the amount of the fee awarded and the extent of success." *Fashion Tile*, 532 So. 2d at 1308; *e.g.*, *River Bridge Corp. v. Am. Somax Ventures*, 76 So. 3d 986, 989 (Fla. Dist. Ct. App. 2011) ("When a plaintiff achieved only limited success, the trial court should award only that amount of fees that is reasonable in relation to the results obtained."). Consistent with that process, after the district court calculated the lodestar amount, it adjusted the amount of attorneys' fees downward based on the limited victory Circuitronix obtained. *See Fashion Tile*, 532 So. 2d at 1308. "The result is what matters." *Hensley*, 461 U.S. at 435. So, the reduction of attorneys' fees from more than $2.5 million to just over $1 million accurately reflects that Circuitronix "prevail[ed] on only a portion of the claims made in the litigation . . . ." *Id.*

Circuitronix argues that the reduction of the lodestar amount was "arbitrary," but we disagree. The district court provided a reasoned and detailed explanation for its reduction. *See id.* It reasonably reduced the award because the bulk of the claims Circuitronix brought never reached trial, its attorneys squandered time on meritless issues, and it achieved only limited success at trial. *See Hensley*, 461 U.S. at 435 (instructing district courts to "focus on the significance of the overall relief obtained by the plaintiff

in relation to the hours reasonably expended on the litigation"). Consistent with precedent, *Yellow Pages*, 846 F.3d at 1164–65; *Fashion Tile*, 532 F.2d at 1308, the district court also rejected the mathematical approach that Kinwong advocated. Circuitronix argues that it was denied the benefit of the fee-shifting provision in its settlement agreement, but the district court was entitled to find that achieving the status of "a 'prevailing party' . . . sa[id] little about whether the expenditure of counsel's time was reasonable in relation to the success achieved," *Hensley*, 461 U.S. at 436. Nevertheless, the district court respected the parties' contractual fee agreement by awarding half of the lodestar amount even though the overall nature of the case "justified . . . awarding even less."

We **AFFIRM** the award of attorneys' fees to Circuitronix.